## MISSOURI-KANSAS-TEXAS RAILROAD COMPANY OF TEXAS v. RALPH P. RIDGEWAY.

No. A-1441. Decided February 11, 1948.
(208 S. W., 2d Series, 363.)

*G. H. Penland* and *M. E. Clinton,* of Dallas, and *Barwise & Wallace, Wallace & Korth* and *Fred L. Wallace,* of Fort Worth, for petitioner.

*McLean & McLean, Denning Schattman* and *W. P. McLean,* of Fort Worth, *Chester D. Johnson,* of Minneapolis, Minn., for respondent.

MR. JUSTICE HART delivered the opinion of the Court.

On March 11, 1946, the respondent, Ralph P. Ridgeway, a resident of Tarrant County, Texas, was injured in that county while engaged in the performance of his duties as a switchman for petitioner, Missouri-Kansas-Texas Railroad Company of Texas. On January 24, 1947, respondent filed in the District Court of the United States for the Southern District of New York a suit against petitioner and Missour-Kansas-Texas Railroad Company, being Civil Action No. 39-785 on the docket of that Court, seeking to recover damages for such injury under the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60. Thereafter petitioner filed this suit in the 96th Judicial District Court of Tarrant County, Texas, against respondent, seeking a temporary restraining order and temporary and permanent injunctions "restraining the respondent from prosecuting, participating in, or taking any action in connection with said Civil Action No. 39-785, now pending in the United States District Court for the Southern District of New York." One of the grounds alleged by the petitioner for seeking this relief was that no proper service of process had been made in that suit upon a representative of petitioner. It was also contended that the petitioner was not doing business in New York and therefore that the suit could not properly be brought there under the provisions of Section 6 of the Federal Employers' Liability Act, 45 U. S. C. A., Section 56. A temporary restraining order was issued by the district court and thereafter on April 12, 1947,

a temporary injunction was issued against respondent "restraining and enjoining him, pending final disposition of this cause, from prosecuting, participating in, or taking any action in connection with said Civil Action No. 39-785 entitled 'Ralph P. Ridgeway v. Missouri-Kansas-Texas Railroad Company et al.' in the District Court of the United States for the Southern District of New York, as against said Missouri-Kansas-Texas Railroad Company of Texas."

Upon appeal from the order granting the temporary injunction the Court of Civil Appeals reversed the judgment of the district court and dissolved the temporary injunction, Associate Justice Hall dissenting on motion for rehearing. 204 S. W. (2d) 411.

After the writ of error was granted by this Court, the counsel for petitioner in a supplemental brief and in oral argument made known to us the following facts occurring since the trial of this case in the district court, which are not disputed by respondent:

On November 5, 1947, a hearing was held in the District Court of the United States for the Southern District of New York on the motion of petitioner to dismiss Civil Action No. 39-785 for want of proper service of process upon a representative of petitioner, and the petitioner's motion to dismiss was granted. Apparently no appeal has been taken from the judgment of dismissal. On December 4, 1947, respondent filed another suit in the United States District Court for the Southern District of New York, being Civil Action No. 44-425, the parties and the cause of action alleged in the second suit being the same as in Civil Action No. 39-785. On December 5, 1947, respondent, acting through different attorneys, filed a suit in the United States District Court for the Eastern Division of the Eastern District of Missouri, being Civil Action No. 5695, which involved the same parties and alleged the same cause of action as in the suits filed in New York, except that the amount of damages sought was somewhat reduced. What, if anything, has been done in the second suit in New York and in the suit in Missouri since their filing is not made known to us.

■ From the foregoing facts, it appears that this suit is now moot. The petitioner in the district court sought only to restrain respondent from proceeding further with Civil Action No. 39-785. One of the grounds for asking such relief was that no proper service of process had been obtained on petitioner's representative. Upon petitioner's motion, the court in New York

has sustained this contention and dismissed the suit. So far as we are informed, respondent is not seeking to proceed further in that suit. It is true that a second suit in New York and a suit in Missouri based on the same cause of action have been filed and are now pending, but we cannot ascertain from the record before us whether the facts in either of those cases are materially different from the facts in the present case regarding the question of the jurisdiction of the courts where those suits are pending, or whether the pending suits are subject to any or all of the same objections raised by the petitioner to the first suit in New York. Such facts can only be properly developed in a trial court upon appropriate pleadings relating to the pending suits. With reference to the first suit in New York, which is the only one complained of by the petitioner in the present case so far as the record discloses, petitioner has received all of the relief that it asked when the first suit in New York was dismissed.

■ It makes no difference that neither party has filed a motion to dismiss in this Court, or that both petitioner and respondent desires a decision of the legal question raised in the briefs. Even under these conditions, this Court will not undertake to pass upon moot questions. Richmond v. Hog Creek Oil Company, (Com. App.) 239 S. W. 904. It may be noted that the situation presented in this case is substantially different from the situation presented to the court in Railroad Commission v. Mackhank Petroleum Company, 144 Texas 393, 190 S. W. (2d) 802, where relief was sought and granted against all subsequent and like orders of the Railroad Commission based on the same method of allocation of the production of oil. No similar relief was sought or granted in the present case. The subject matter of this particular suit having become moot, the case must be dismissed. Freeman v. Burrows, 141 Texas 318, 171 S. W. (2d) 863; Railroad Commission v. Wencker, 140 Texas 527, 168 S. W. (2d) 625.

The judgments of the Court of Civil Appeals and the district court are reversed and set aside and this cause is dismissed without prejudice to either party.

Opinion delivered February 11, 1948.

No motion for rehearing filed.