W. E. MOODY et al., Appellants,

v.

TEXAS WATER COMMISSION et al.,
Appellees.

No. 11126.

Court of Civil Appeals of Texas.

Austin.

Nov. 20, 1963.

Rehearing Denied Jan. 8, 1964.

ticle 7472e in determining feasibility of the Federal project.

"Third Point: The action of the trial court in dismissing this cause of action constituted a denial to appellants of the due process clause of Article 1, Section 19, of the Texas Constitution, and the Fourteenth Amendment to the United States Constitution.

"Fourth Point: The trial court erred in holding that appellants' suit attacking the validity of the Commission's order of August 2, 1962, was prematurely filed.

"Fifth Point: The trial court erred in holding that appellants had no justiciable interest in the order of the Commission until the Commission had entered a final order relating to the appropriation and diversion of public waters as provided by Articles 7492, et seq., Vernon's Revised Civil Statutes."

This suit was filed by the appellants, complaining of the Texas Water Commission and the Brazos River Authority, alleging that plaintiffs each owned land which would be taken and inundated by reason of the construction of the water impoundment project

Allegations were made that Brazos River Authority is an agency of the State; that Texas Water Commission is an agency of the State and that the trial court had jurisdiction and venue of the proceedings under the provisions of Article 7477, Section 12, V.A.C.S.

Further allegation was that the Navasota River is an intrastate stream across which the project involved would be constructed and that pursuant to the provisions of Article 7472e before any project which is recommended by a Federal Agency pertaining to the impoundment of water can be authorized, such must be submitted to the Governor of Texas, who is required to forward such recommendation to the Water Commission which is vested with the authority

E. H. Thornton, Jr., Houston; Coulter Hoppess, Bryan; Kuykendall & Kuykendall, Austin, for appellants.

Waggoner Carr, Atty. Gen., F. R. Booth and W. O. Shultz, Asst. Attys. Gen., Austin; Trueman O'Quinn, Austin; Beard, Kultgen & Beard, Waco, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment dismissing appellants' cause of action because of lack of jurisdiction.

The appeal is based on five points assigned as error and are:

"First Point: The trial court erred in holding that the order of the Texas Water Commission, dated August 2, 1962, was a final order from which an appeal would not lie to the courts.

"Second Point: The trial court erred in holding that Section 5 of Article 7472e denied to appellants the right to appeal from the order of August 2, 1962, even though the Texas Water Commission had not observed and followed the mandatory provisions of Ar-

to approve or disapprove the feasibility of such project after a hearing.

On April 11, 1962, the Corps of Engineers of the Army pursuant to prior direction of the Water Commission submitted its recommendation for the construction of the project to the Governor who transmitted the report to the Texas Water Commission which held a public hearing on May 10, 1962, of testimony relative to the feasibility of such impoundment and subsequently issued its order finding the water impoundment project to be feasible and transmitted a copy of such order to the Governor who notified the Corps of Engineers of the finding.

Plaintiffs sought a judgment declaring the order entered by the Water Commission to be void and of no effect and for an injunction against the Brazos River Authority from entering into any contract to reimburse the United States Government for any sums of money for the construction of the project involved herein.

The Texas Water Commission answered by a plea to the jurisdiction of the court on several grounds and subject to such pleas filed 19 special exceptions and a general denial.

The City of Bryan, City of College Station and the City of Navasota intervened, pleading that they were interested in the matters in controversy and would be affected by the decree of the court and abated the pleas and special exceptions of the Texas Water Commission.

The parties stipulated as to material fact issues and on May 2, 1963, the court made and entered the following judgment:

"Be it remembered that on October 26, 1962, came on to be heard and considered by the Court the pleas to the jurisdiction filed herein by defendant, Texas Water Commission, and, after hearing argument of counsel, the Court entered its order on the 30th day of October, 1962, overruling said pleas to the jurisdiction.

"Thereafter, on the 28th day of March 1963, the parties by their attorneys of record, appeared for the purpose of hearing the motion of the defendant, Texas Water Commission to dismiss this suit on the ground that it was prematurely filed and, in the alternative, that said cause be dismissed on the ground that it was moot. After considering said motion and argument of counsel, the Court took the matter under advisement and, after due deliberation and consideration of the pleadings and the briefs, the Court is of the opinion that its order entered on October 30, 1962, overruling the plea to the jurisdiction filed herein by Texas Water Commission should be and the same is hereby set aside and held for naught.

"After due consideration the Court is of the opinion that this cause should be dismissed for want of jurisdiction because Section 5 of Article 7472e, Vernon's Annotated Civil Statutes, provides that the action of the Texas Water Commission in this cause shall be final, no provision for appeal being provided; because the order of the Texas Water Commission here in issue is not a final order of an agency having exclusive jurisdiction over the subject matter of the order; because no vested property right of plaintiffs has been affected; and because further proceedings before the Texas Water Commission are required by Article 7492 et seq., Vernon's Civil Statutes, before any final order may be entered relating to the impoundment and diversion of public waters and before plaintiffs will have such a justiciable interest as to authorize them to maintain a cause of action against the Texas Water Commission.

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that this cause of action asserted herein by the plaintiffs be and the same is hereby dismissed for want of jurisdic-

tion for the reasons hereinabove set out.

"It is further ORDERED by the Court that all costs incurred herein be taxed against the plaintiffs. To this order, judgment and decree of the Court, the plaintiffs, in open court excepted, and, in open court, gave notice of appeal to the Court of Civil Appeals in and for the Third Supreme Judicial District of Texas, sitting at Austin, Texas."

The appellees take the position that the case is moot and should be dismissed; that the order finding the project feasible is not a final order and that further proceedings are required before appellants will have such a justiciable interest as to authorize the maintenance of a cause of action against the Commission.

■ Since the provision of Article 7472e, V.A.C.S., has been complied with, the Federal Agency has recommended the project and has submitted such to the Governor who has forwarded such recommendations to the Texas Water Commission for a hearing. A hearing having been held and had and a copy of the order of the Commission duly entered approving such project and a certified copy of such order having been forwarded to the Governor who has notified the agency of the action of the Commission approving the feasibility of the project, the matter is now moot, and no effective relief can be granted.

The judgment of the trial court should be affirmed. Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632.

In Railroad Commission v. Wencker, 140 Tex. 527, 168 S.W.2d 625, the Supreme Court held:

"We think that when this entire record is considered as a whole it presents no issue of fact to be determined by the courts. The record plainly shows that respondent has a permit to drill a well on this tract of land as ordered by the

courts. Consequently this cause is moot, and should be dismissed."

State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676; Missouri-Kansas-Texas R.R. Co. v. Ridgway, 146 Tex. 392, 208 S.W.2d 363.

On August 6, 1963, the Governor, by letter, notified the Acting Chief of Engineers that the proposed Millican Reservoir Project was approved.

The opportunity of the State to comment officially upon the proposed project is derived from a provision of the Flood Control Act of 1944 as amended, 33 U.S.C. § 701–1(a). This Act is long and we do not copy such herein, but provision is made for plans, submission to Congress and that relations of the Chief of Engineers shall be with the Governor or an agency designated and for the written views and recommendations and for transmittal of such plan to Congress, etc. Anderson v. Seeman, 252 F.2d 321 (Fifth Cir. 1958), cert. den. 358 U.S. 820, 79 S.Ct. 32, 3 L.Ed.2d 61.

Prior to the enactment of Article 7472e there was no statutory procedure whereby the views of the State could be given to Congress on a project like the one involved herein and Sec. 8, the emergency clause in enactment of Article 7472e, recites the purpose of the Legislature.

The several sections of Article 7472e set out in detail the procedures to be followed by the Governor and the Water Commission.

The Act requires the Governor to submit reports of Federal Agencies received by him to the Texas Water Commission for a public hearing, for study and recommendations to him as to the feasibility of the project, and after such hearing that the Commission shall enter its order either approving or disapproving the feasibility of the project, giving its reasons therefor. Upon receipt of such orders the Governor is required to notify the Federal Agency.

The Act sets out in detail in the several sections the procedures to be followed in

hearing, determining and order to be entered, and these have been complied with.

■ The nature and action of the Commission in similar matters has been held to be administrative. City of Strawn v. Board of Water Engineers, Tex.Civ.App., 134 S.W.2d 397, er. ref.; Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619.

■ No provision for judicial review was prescribed in the Act as might have been and the fact that the legislature has denied judicial review does not invalidate the Act. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788.

■ The appellants herein who were designated protestants before the hearing began, filed a motion asking that the three members of the Commission disqualify themselves from hearing evidence as to the feasibility of the project and from entering an order because of prior determination and decision to approve the feasibility of the project.

In support of the motion the protestants, on April 19, 1961, long prior to any final engineering reports as to the feasibility of said dam had been filed with the Board, and before the instant hearing, publicly adopted a resolution finding that the proper location for the construction of the dam was at the site known as the Millican Site.

The failure of the members of the Commission to disqualify themselves upon appellants' motion did not deny appellants due process of law under the State or Federal Constitution.

■ The Board has broad public responsibility in water resource planning and development as are set out in Articles 7472c, 7472d, and 7472d-1, and the resolutions are consistent with the Commission's statutory duty.

■ The public duties must be performed and governmental powers exercised by the officials or body designated by law and cannot be delegated to others. Horne Zoological Arena Co. v. City of Dallas, Tex.Civ. App., 45 S.W.2d 714; 73 C.J.S. Public Administrative Bodies and Procedure § 62, p. 389; Federal Trade Com. v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010.

■ The order of the Texas Water Commission is in the nature of a recommendation concerning a project proposed for construction by an agency of the Federal Government and is not conclusive and does not commit the Federal Government to construct the project.

■ Generally courts can review only final actions of an agency having exclusive jurisdiction of the matter concerned. 1 Tex.Jur.2d 678, Sec. 38; Sun Oil Co. v. Railroad Comm., 158 Tex. 292, 311 S.W.2d 235.

■ The construction of multiple-purpose flood control projects by the Federal Government has been held to be a legitimate exercise of the commerce power. United States v. Grand River Dam Authority, 363 U.S. 229, 80 S.Ct. 1134, 4 L.Ed.2d 1186.

In Anderson v. Seeman, 252 F.2d 321 (5th Cir. 1958) cert. den., 358 U.S. 820, 79 S.Ct. 32, 3 L.Ed.2d 61, the Court held that "We think the language * * * is not susceptible of the construction that before the building of the dam the United States must seek and obtain permission from the Texas Board of Water Engineers. * * * Nothing is stated that permits the conclusion that even as to future projects a final disagreement with a state shall stand as a veto of the project." First Iowa Hydro-Elec. Co-op v. Federal Power Commission, 328 U.S. 152, 66 S.Ct. 906, 90 L.Ed. 1143; City of San Antonio v. Board of Water Engineers, Tex.Civ.App., 334 S.W.2d 325, er. ref., n. r. e.

■ No effective relief can be granted appellants at this time, and the suit is moot, or in any event the order of the Texas

Water Commission pursuant to Article 7472e is not appealable.

The judgment of the trial court is affirmed.

HUGHES, Justice (concurring).

My concurrence in the majority opinion is limited to the holding that the order appealed from is purely administrative in character, made under a statute which does not provide for an appeal, and which order does not affect vested property rights or violate any constitutional rights of appellants. ·

The Trial Court acquired no jurisdiction by the attempted appeal from such order and its judgment of dismissal was proper.