George C. HILL et al., Appellants,

v.

CITY OF CEDAR HILL, Appellee.

No. 17090.

Court of Civil Appeals of Texas.

Dallas.

April 19, 1968.

·Bert Bader, of Woodruff, Hill, Bader & Kendall, Dallas, for appellants.

C. A. Searcy Miller, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

George C. Hill and Dorothy Kirbo, joined by her husband, George Kirbo, doing business as Cedar Hill Drag Strip, brought this action against the City of Cedar Hill, Texas pursuant to Art. 1011g, Vernon's Ann.Civ.St. of Texas, as an appeal from an order of the Board of Adjustment of the City of Cedar Hill relating to the operation of their business. The order of the Board of Adjustment had directed that the plaintiffs cease and desist from the operation of the drag strip and it was plaintiffs' contention that such order was completely void, illegal and of no force and effect. They prayed that they be granted an injunction restraining the defendant municipality from enforcing the order of its Board of Adjustment and that such order be declared void.

By its answer the City of Cedar Hill stated that the Board of Adjustment had rescinded its action complained about in the plaintiffs' petition and confessed that such order on the part of the Board was of no force and effect. The City therefore prayed that plaintiffs' cause of action be dismissed as being moot.

The matter came on to be heard before the district judge who found that since the order complained of had been withdrawn by the Board of Adjustment of the City of Cedar Hill and since there was no action or order pending against plaintiffs by defendant's Board of Adjustment there was no basis for relief and the cause was therefore dismissed. Appellants have appealed from this order of dismissal contending, in one point of error, that since the trial court had acquired full jurisdiction of the lawsuit the Board of Adjustment of Cedar Hill had no right or authority to withdraw its action and therefore the trial court erred in dismissing the suit. We cannot agree with appellants.

Appellee City conceded in its pleadings that the order of its Board of Adjustment was of no force and effect and therefore void. In oral argument before this court counsel for appellee confessed that the Board lacked jurisdiction to do that which it attempted to do and therefore the order was void. Accordingly, in this state of the record there was nothing for the trial court to enjoin. "Where it appears that the plaintiff's suit can no longer be maintained because the ground of action has become extinguished and no longer exists, the court will proceed no further with the litigation and will enter an order of dismissal." 20 Tex.Jur.2d, Dismissal, Etc., § 27, p. 208; Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632 (1946); Missouri-Kansas-Texas R. Co. v. Ridgway, 146 Tex. 392, 208 S.W.2d 363 (1948); Railroad Commission v. Wencker, 140 Tex. 527, 168 S.W.2d 625 (1943); City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638 (1939); Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943); and Connell v. B. L. McFarland Drilling

Contractor, 162 Tex. 345, 347 S.W.2d 565 (1961).

The trial judge entered the correct judgment.

Affirmed.