

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 29, 1974

The Honorable Maurice S. Pipkin
Executive Director, State Judicial
Qualifications Commission
P.O. Box 12265, Capitol Station
Austin, Texas 78711

Opinion No. H- 386

Re: Whether Justice of the
Peace may delegate responsi-
bility to employees of this
office.

Dear Mr. Pipkin:

Your letter requesting our opinion states that the State Judicial
Qualifications Commission has received a number of complaints con-
cerning the practice of justices of the peace delegating authority to clerks,
secretaries and spouses to accept pleas of guilty, to levy fines on guilty
pleas, to set bonds when a defendant pleads not guilty, etc. You have
asked our opinion as to the propriety of this practice which you have
found to exist in some instances.

The office of justice of the peace is created by Article 5, § 18,
Texas Constitution. Article 5, § 19 of the Constitution defines the limits
of their jurisdiction.

> Sec. 19. Justices of the peace shall have
> jurisdiction in criminal matters of all cases
> where the penalty or fine to be imposed by law
> may not be more than for two hundred dollars,
> and in civil matters of all cases where the amount
> in controversy is two hundred dollars or less, ex-
> clusive of interest, of which exclusive original
> jurisdiction is not given to the District or County
> Courts; and such other jurisdiction, criminal and
> civil, as may be provided by law, under such

regulations as may be prescribed by law; and
appeals to the County Courts shall be allowed
in all cases decided in Justices' Courts where
the judgment is for more than twenty dollars
exclusive of costs; and in all criminal cases
under such regulations as may be prescribed
by law. And the justices of the peace shall be
ex officio notaries public. And they shall hold
their courts at such times and places as may be
provided by law.

Pursuant to the constitutional authorization, the Legislature has
provided by law for jurisdiction in numerous other situations. See, for
example, Articles 2385 and 2386, V. T. C. S.; Articles 4.11, 16.15, 49.01,
50.01, V. T. C. C. P.

Furthermore, the Legislature has provided for the performance of
the duties of a justice of the peace when he is absent or unable or unwilling
to perform the duties of his office himself, Article 2377, V. T. C. S., or
when he is unable to perform them because of sickness or injury or other
disqualification. Article 2399, V. T. C. S.

No authority exists for a justice to perform his duties or exercise
his powers by delegation to a secretary, clerk or spouse. The maxim,
delegatas non potest delegare (the person to whom an office or duty is
delegated cannot lawfully devolve the duty on another unless expressly
authorized to do so) is applicable to this situation. Newsom v. Adams,
451 S. W. 2d 948 (Tex. Civ. App., Beaumont 1970, no writ); Moody v.
Texas Water Commission, 373 S. W. 2d 793 (Tex. Civ. App., Austin,
1963, writ ref'd., n. r. e.); 47 TEX. JUR. 2d Public Officers, § 114, p.
149, et seq.

Those powers and duties of a public officer which are judicial in
nature, as distinguished from those which are ministerial, cannot be
delegated to another. Padgett v. Young County, 204 S. W. 1046 (Tex.
Civ. App., Ft. Worth 1918, writ dism'd); Navarro County v. Tullos,
237 S. W. 982 (Tex. Civ. App., Dallas 1922, err. ref'd.).

In our opinion the acts of a justice of the peace in accepting pleas of guilty, levying fines on such pleas and setting bonds on pleas of not guilty are among the judicial functions which a justice of the peace may not delegate to his clerk, his secretary, his spouse, or anyone else.

### SUMMARY

A justice of the peace may not delegate to any other person the exercise of judicial powers and duties devolved upon him by the Constitution or statutes of the state.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg