

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 28, 1974

The Honorable Hugh C. Yantis, Jr.          Opinion No. H- 384
Executive Director
Texas Water Quality Board          Re: Whether the Texas Water
P. O. Box 13246, Capitol Station          Quality Board can delegate
Austin, Texas 78711          its authority to inspect and
          certify boats to private
          business.

Dear Mr. Yantis:

You have asked whether the Texas Water Quality Board may delegate
its inspection and certification functions under Sec. 21.097, Texas
Water Code, to privately owned and operated marine dealerships,
marinas and similar enterprises.

Section 21.097, Texas Water Code, provides in part:

(b) Within twelve months after this section takes
effect the [Texas Water Quality]board shall issue regu-
lations concerning the disposal of sewage from boats
located or operated on inland fresh waters in this state.
The regulations of the board take effect six months
after they are issued unless an earlier effective date is
specified in the regulations. The regulations of the
board shall include, but not be limited to, provisions
for the establishment of standards for sewage disposal
devices, the certification of sewage disposal devices,
including on-shore pump out facilities, and the visible
and conspicuous display of evidence of certification
of sewage disposal devices on each boat equipped with
such device and on each on-shore pump out device.

(c) The [Texas Water Quality] board may delegate
the administration and performance of the certification
function to the executive director or to any other govern-
mental entity. The board may prescribe and require
the payment, by applicants for certification, of reason-
able fees based on the cost of administering and per-
forming the certification function. All certification

> fees shall be paid to the entity performing the certifi-
> cation function. All fees collected by any state agency
> shall be deposited in a special fund for use by that
> agency in administering and performing the certifi-
> cation function and shall not be deposited in the
> general revenue fund of the state. (Emphasis added)

When the Legislature has conferred duties and powers on an officer or board those duties must be performed or exercised by that official or board, and in the absence of specific statutory authorization they cannot be delegated to others. Moody v. Texas Water Commission, 373 S. W. 2d 793 (Tex. Civ. App. - - Austin 1963, writ ref'd. n. r. e. ). The maxim, delegatas non potest delegare [the person to whom an office or duty is delegated cannot legally devolve the duty on another, unless he be expressly authorized to do so], is applicable in Texas. Newsom v. Adams, 451 S. W. 2d 948 (Tex. Civ. App. --Beaumont 1970, no writ).

Here there is a statutory authorization to delegate the certification function to the executive director or to "any other governmental entity." The Act does not define "governmental entity," but the term must be construed according to common usage. Code Construction Act, Article 5429b-2, Sec. 2.01. We know of no definition or common usage of the term "governmental entity" which would include privately owned and operated businesses such as marinas and boat dealerships.

The statute makes no reference to inspection, but speaks only of certification. Presumably, the Board will adopt rules and regulations which require some sort of inspection as a means of demonstrating eligibility for certification. In the absence of a specific rule or program for our consideration, we are unable to say that the Board would be unable to make arrangements for inspections conducted by private persons as evidence of eligibility for certification. The certification function must remain in the Board or the governmental entity to which the certification responsibility is delegated.

It is not impossible for the State to delegate both inspection and certification functions to private enterprises, but statutory authorization is required. See, e. g., Art. 6701d, Sec. 141, V. T. C.S. It is our conclusion that the Board may not delegate its certification responsibilities under Sec. 21.097, Texas Water Code.

S UM MA R Y

The Texas Water Quality Board may not delegate its certification function under Sec. 21.097, Texas Water Code, to private businesses. It is not necessarily precluded from permitting inspection by private entities as a means of demonstrating eligibility for certification.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee