

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 4, 1975

The Honorable Bill Clayton, Speaker
House of Representatives
State Capitol
Austin, Texas 78711

Opinion No. H-621

Re: Responsibility of Speaker
of the House under Open Records
Act with respect to records
relating to individual members.

Dear Speaker Clayton:

You have requested our opinion concerning procedures utilized by the House of Representatives in processing requests under the Open Records Act, article 6252-17a, V. T. C. S.

Your specific questions are as follows:

1. Am I correct in maintaining that as Speaker of the House I am the "custodian" of public information dealing with the general operation of the House of Representatives and that as such I may set up reasonable procedures for processing open records requests?

2. Am I correct in assuming that as custodian of the records, I may delegate all or any part of the responsibility of handling open records requests to any divisible operating units within the House?

3. Because each member of the House of Representatives is an elected state official and has autonomous control over operations dealing with that member's own account, am I legally authorized to delegate to each member the responsibility of handling open records requests dealing with that member's account?

4. As long as all persons to whom the custodial function may be delegated are instructed to provide full and complete information in an expeditious manner, is there any aspect of this procedure which is unduly or illegally restrictive of the rights of the public to have access to any public information held by the House?

We answer your first question in the affirmative. The office of Speaker of the House is a Constitutional one. Tex. Const. art. 3, § 9, § 38. As presiding officer of the House of Representatives, you are the custodian of public records held by the House, within the meaning of section 5(a) of the Open Records Act, which provides in part:

> (a) The chief administrative officer of the governmental body shall be the custodian of public records. . . . It shall be the duty of the custodian . . . to see that the public records are made available for public inspection and copying. . . .

We spoke to the question of who is custodian of county records held by the county clerk in Attorney General Opinion H-115 (1973). There we said:

> It is apparent that § 5 of House Bill 6, in making the chief administrative officer of the governmental body the custodian of public records, intended by that provision to focus the responsibility for the success of the Act upon those who have it within their power to make the Act viable. It is obvious that it was not the intent that the chief administrative officer, in this case, the county judge, actually, physically have custody as would the county clerk. Thus, for example, in Subsection 5(b) the statute refers to the custodian's 'agent who controls the use of public records.'
>
> As we interpret the Act, the county clerk retains physical care, custody and control of the records which, by statute, he is required to maintain. The responsibility for seeing that county records, including those maintained by the county clerk as well as those maintained by other county officers, are disclosed when required by House Bill 6, is placed on the county judge - the chief administrative officer of the governmental body.

Thus, you are responsible as the custodian of public records of the House to see that those records are made available for inspection under the Act.

In regard to establishing procedures, section 13 of the Open Records Act provides that:

> Each governmental body may promulgate reasonable rules of procedure by which public records may be inspected efficiently, safely, and without delay.

Section 11 of article 3 of the Texas Constitution provides that "Each House may determine the rules of its own proceedings. . . ." Pursuant to this authority the current Rules of the House of Representatives provide that the Speaker "shall enforce the Rules of the House, and the Legislative Rules prescribed by the Statutes and Constitution of Texas." Rules, House of Representatives 64th Legislature, Rule 1, sec. 4.

In addition, it is well settled that a law which imposes a duty on an officer carries with it by necessary implication the authority to do such things as are reasonably necessary to carry out the duty imposed. 47 Tex. Jur. 2d Public Officers § 110 p. 145, n. 2, and cases cited therein.

We believe that it is clearly within the powers of the Speaker to set up reasonable procedures for processing requests for public information, except as might be otherwise provided by law or by the Rules of the House. We are aware of no House Rule which restricts the Speaker in this regard.

The Open Records Act establishes certain procedural requirements for dealing with requests for public information. The principal ones are as follows:

> . The custodian has the duty to see that public records are made available for public inspection and copying during normal business hours of the governmental body. Secs. 3(a), 5(a).

. The custodian or his agent shall give, grant, and extend to the person requesting public records all reasonable comfort and facility for the full exercise of the right to access granted by the Act. Sec. 5(b).

. The custodian shall promptly produce public information for inspection or duplication, or if not available at the time of the request, shall certify in writing that it is in use or storage and set a date and hour when it will be available. Sec. 4.

. No inquiry may be made of the person requesting public records beyond establishing his identity and what records are requested. Sec. 5(b).

. Suitable copies of all public records must be provided within a reasonable time after the date copies are requested and costs of copies shall not be excessive. Secs. 9 (a), 9(c).

. Requests for information determined by the governmental body to be within an exception, but as to which there has been no prior determination that it is excepted, must be forwarded to the Attorney General within a reasonable time, no later than 10 days after receipt of a written request. Sec. 7(a).

Subject to these requirements of the Act, "Each governmental body may promulgate reasonable rules of procedure by which public records may be inspected efficiently, safely, and without delay." Sec. 13.

Your second question inquires as to the extent to which the responsibilities to handle requests for information may be delegated.

It is a general rule that public duties must be performed and governmental powers exercised by the officer designated by law and that they may not be delegated to others. Newsom v. Adams, 451 S. W. 2d 948 (Tex. Civ. App. -- Beaumont 1970, no writ hist.); Moody v. Texas Water Commission, 373 S. W. 2d 793, 797 (Tex. Civ. App. -- Austin 1963 writ ref'd n. r. e.). This

ancient rule is expressed in the maxim: <u>Delegatus non potest delegare</u> (the person to whom a duty is delegated cannot lawfully devolve the duty on another, unless expressly authorized to do so). However, ministerial or administrative functions not calling for the exercise of discretion may be delegated to agents to perform those functions. 47 Tex. Jur. 2d Public Officers § 114, pp. 149-150 and cases cited therein.

Thus, while the duties and responsibilities imposed by the Open Records Act may not be delegated, you may perform the duties through agents. Section 5(b) of the Act refers to the custodian's "agent who controls the use of public records" and to "the custodian or his agent." We have said that this clearly contemplates the probability that an agent, not the legal custodian, will control the actual use of public records. Open Records Decision No. 44 (1974).

Our answers to your first two questions are that as chief administrative officer of the House of Representatives, you are the legal custodian of public records of the House and have the duty "to see that the public records are made available for public inspection and copying . . . ." Sec. 5(a). The Act and the Rules of the House authorize you to establish reasonable procedures "by which public records may be inspected efficiently, safely, and without delay." Sec. 13. While your duties under the Act may not be delegated, the Act clearly contemplates that they may be performed through agents to whom you have delegated actual custody and control of public records. Sec. 5(b).

Your third question is whether you have authority to delegate to each member the responsibility of handling open records requests dealing with that member's account. It is your position that since members have autonomous authority over their own payroll accounts, they are in the best position to determine whether the particular information requested is or is not excepted from required disclosure, and also to answer questions concerning the information.

As we have indicated above, the Act clearly contemplates that you may perform your duties through agents who have actual custody and control of the public information. The Act gives the House, and the House has given you authority to adopt reasonable procedures to insure that "public records may be inspected efficiently, safely, and without delay." Sec. 13. Of course, while certain duties may be delegated, the custodian's ultimate responsibility may not.

We have said that the Act does not require a governmental body to notify the individual about whom information is requested. Attorney General Opinion H-90 (1973). Except to the extent that it would cause unreasonable delay, neither does the Act prohibit such notice, and the procedure you have described does serve the purpose of such notification. We cannot say that providing members with notice and an opportunity to assert the applicability of specific exceptions is unreasonable. Of course, the determination that an exception applies is for the custodian to make. Id,

We cannot say as a matter of law that your procedures are unreasonable. The question of whether a particular procedure is reasonable is a question of fact which we cannot determine.

We must make the same response to your fourth question as to whether the procedure you describe "is unduly or illegally restrictive of the rights of the public to have access to any public information held by the House."

The procedure you describe is not necessarily violative of any provision of the Act, although in a particular situation it may be shown to have been. All we can answer is that it cannot be said that it is unduly restrictive or unreasonable as a matter of law.

### SUMMARY

The Speaker is "custodian of public records" of the House of Representatives. The Speaker may establish reasonable procedures for public records to be inspected efficiently, safely, and without delay. He may perform his duties through agents and may delegate to them authority to promptly produce public information and to make it available for inspection and copying.

The Speaker's responsibility to see that public records of the House are made available for inspection may not be delegated.

A reasonable and expeditious procedure, whereby requests are directed to individual members to whom the information relates, cannot be said as a matter of law to violate the provisions of the Open Records Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb