THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



September 30, 1976

The Honorable Ben Ramsey
Chairman
Railroad Commission of Texas
P. O. Drawer 12967
Austin, Texas 78711

Opinion No. H-884

Re: Sub-delegation of
authority vested in the
Railroad Commission of
Texas.

Dear Chairman Ramsey:

On behalf of the Texas Railroad Commission you have
asked whether the following rule proposed by the Commission
would constitute a valid delegation of the duties of the
Commission:

> The Director [of the Transportation Division]
> is hereby expressly delegated the authority
> to do all things necessary, reasonable, and
> proper, including the signing of the necessary
> orders, certificates and permits, in all
> matters involving expedited processing or
> uncontested proceedings in which the final
> decision is not adverse to an applicant. Any
> act of the Director, in his official capacity
> under this delegation shall be reviewable by
> the Commission upon receipt of a motion filed
> with the Director, and no such act of the
> Director shall be final for the purposes of
> an appeal to any court until it has been
> reviewed by the Commission.

The Railroad Commission has those powers expressly and
specifically delegated to it by the Legislature. Major powers
are not conferred upon it by implication. Railroad Commission
of Texas v. City of Austin, 524 S.W.2d 262 (Tex. Sup. 1975);
Humble Oil & Refining Co. v. Railroad Commission of Texas, 128
S.W.2d 9 (Tex. Sup. 1939). Legislative authority is necessary to

p. 3724

empower a commission to appoint a general deputy who may
exercise discretionary or quasi-judicial powers.   2 Am.
Jur.2d, Administrative Law § 221 at 51.   In Moody v. Texas
Water Commission, 373 S.W.2d 793 (Tex. Civ. App. -- Austin
1964, writ ref'd n.r.e.), the Court wrote:

> [P]ublic duties must be performed and
> governmental powers must be exercised
> by the officials or body designated by
> law and cannot be delegated to others.

See also Newsom v. Adams, 451 S.W.2d 948 (Tex. Civ. App. --
Beaumont, 1970, no writ); Horne Zoological Arena Co. v. City
of Dallas, 45 S.W.2d 714 (Tex. Civ. App. -- Waco 1931, no
writ); Attorney General Opinions WW-3 (1957); V-350 (1947).
We believe that the power to delegate authority to the Director
is the kind of power that the Legislature must expressly
give the Railroad Commission, and that Texas courts would
not find it to exist by implication.

The Texas Railroad Commission is given regulatory
authority over motor carriers by article 911b, V.T.C.S.
It is its duty to consider and determine any public necessity
for a contemplated service and any public convenience that
would be promoted by granting an application to furnish the
service.   V.T.C.S. art. 911b, § 8.   This duty is imposed
without regard to whether the application is opposed or
contested.   See V.T.C.S. art. 911b, § 12.   In section 14(a)
of article 911b it is provided:

> The Commission, or any member thereof,
> or authorized representative or Examiner of
> the Commission, shall have power to compel
> the attendance of witnesses, swear witnesses,
> take their testimony under oath, make record
> thereof, and if such record is made under the
> direction of a Commissioner, or authorized
> representative or Examiner of the Commission,
> a majority of the Commission may, upon the record,
> render judgment as if the case had been heard
> before a majority of the members of the Com-
> mission. . . .   (Emphasis added).

The effect of the proposed rule set out at the beginning of this opinion is to delegate to the Director of the Transportation Division all the power and authority and discretion that the Railroad Commission itself might exercise, but only "in all matters involving [1] expedited processing or [2] uncontested proceedings in which the final decision is not adverse to an applicant," and [3] which are not appealed.

When the Legislature has allowed the Railroad Commission to delegate duties and power to subordinates, it has done so in clear language.  In section 14(b) of article 911b, it is specified:

> To expedite the hearing and disposition of applications, the Examiner or authorized representative of the Commission shall have authority under orders of the Commission to hear applications which may be assigned to him by the Commission . . . .

The Legislature has specified that the Commission, upon a proper record, may render judgment and act through a majority of its members even though the task of hearing the evidence on a matter has been delegated to a subordinate, but the act of a majority of the Railroad Commission members is required to constitute a decision, order or action as the act of the Commission, and this requirement is without regard to whether the matter considered is contested or uncontested, or whether the decision is favorable or adverse to an applicant, or whether an appeal is filed, or whether expeditious processing is warranted.  See Webster v. Texas & Pacific Motor Transport Co., 166 S.W.2d 75 (Tex. Sup. 1942); Houston & North Texas Motor Freight Lines v. Johnson, 166 S.W.2d 78 (Tex. Sup. 1942).

In our opinion, the proposed rule would be held invalid by the Texas Supreme Court if the question were presented to it.  Cf. Florida Dry Cleaning and Laundry Board v. Economy Cash & Carry Cleaners, 197 So. 550 (Fla. Sup. 1940).

## S U M M A R Y

The Texas Railroad Commission may not delegate to the Director of the Transportation Division unlimited discretionary authority in all matters involving expedited processing or uncontested proceedings, even though the final decision is not adverse to the applicant and is not appealed.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb