Honorable Richard Morales, Sr. Webb County Attorney 1810 San Bernardo Laredo, Texas 78040
Re: Whether an elected official may designate a nonelected alternate to serve on the board of directors of a regional planning commission.
Dear Mr. Morales:
You have asked whether a member of the Board of Directors of the South Texas Development Council who is a locally elected official, may designate a non-officeholder alternate to serve in his absence. The Council is a regional planning commission established under the terms of article 1011m, V.T.C.S. The Council is a political subdivision of the state with the authority to contract, purchase or lease real property, and employ a staff. Id. § 4. It lacks the power to tax, but it may receive funds or grants from any source. Id. § 6. The cooperating governmental units by joint agreement determine the number and qualifications of the governing body — the Board of Directors. Id. § 5. At least two thirds of the membership must be elected officials from county or municipal government. The governing body of the South Texas Development Council consists of eighteen members. The means and methods of the operation of the regional commission is determined by the participating governmental units. Id.
Generally, governmental powers must be exercised by the officials designated by law to execute public duties. Moody v. Texas Water Commission, 373 S.W.2d 793 (Tex.Civ.App.-Austin 1963, writ ref'd n.r.e.). Unless otherwise permitted by law or the ministerial nature of the duties, an official may not delegate his authority to another. Newsom v. Adams, 451 S.W.2d 948
(Tex.Civ.App.-Beaumont 1970, no writ); Krug v. Lincoln National Life Insurance Co., 245 F.2d 848 (5th Cir. 1957). Attorney General Opinions WW-66 (1957); V-350 (1947). However, article 1011m, section 5, allows considerable discretion to the participating governmental units as to the makeup of the governing body so long as elected officials constitute two thirds of the body. By joint agreement the cooperating units determine the number and qualifications of the members of the governing body, the manner of cooperation, and the means and methods of the operation of the regional planning commission. We believe that this broad authority would permit a joint agreement which would provide for the designation of alternates so long as two thirds of the acting members are elected officials. Absent such a joint agreement, however, we do not believe that the designation of alternates is permissible under the authorities cited above.
 SUMMARY
Designation of alternate members to serve on the board of directors of a regional panning commission is permissible only if so provided by joint agreement among the participating governmental unit so long as two thirds of those acting as board members are elected officials of a county or incorporated municipality.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by David B. Brooks Assistant Attorney General