

# The Attorney General of Texas

December 15, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John W. LaGrone
Hutchinson County Attorney
Hutchinson County Courthouse
Borger, Texas 79007

Opinion No. MW-286

Re: Whether the wife of an adult probation officer may be employed as a clerk in the probation department

Dear Mr. LaGrone:

You have asked whether the nepotism law prevents the wife of the chief probation officer from working as a clerk in the probation department. Article 5996a, V.T.C.S., provides in pertinent part:

> No officer of this State nor any officer of any district, county. . . of this State. . . created by or under authority of any General or Special Law of this State. . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds. . . . (Emphasis added).

A person who has been employed for two years continuously prior to the time his relative attains the power to appoint him may continue in his employment. V.T.C.S. art. 5996a; see Attorney General Opinion M-671 (1970).

Article 42.12 of the Code of Criminal Procedure makes the following provision for staffing the probation office:

> Where more than one probation officer is required, the judge or judges shall appoint a chief adult probation officer or director, who, with their approval, shall appoint a sufficient number of assistants and other employees to carry on the professional, clerical, and other work of the court.

Sec. 10(b). This provision was enacted in 1965 and the language has not been changed. Acts 1965, 59th Leg., ch. 722, at 493. In our opinion, it gives the chief adult probation officer a joint power with the district judge to appoint assistants and clerical personnel. In Letter Advisory No. 156 (1978), this office considered a similar statute authorizing the trustees of a junior college to hire persons recommended by the college president. It determined that article 5996a prohibited the president from recommending that his relative be hired. Compare Attorney General Opinion MW-56 (1979)(fact question whether school superintendent exercised delegated power to appoint). See also Letter Advisory No. 152 (1978). Article 5996a prevents the employment of the chief adult probation officer's wife in the probation office unless she served two years in her position prior to her husband's appointment to that office.

By judicial order effective September 1973, the husband was appointed adult probation officer. He had previously served as assistant adult probation officer. The judge issued orders also effective September 1, 1973, appointing the wife as clerk of the adult probation department and naming a successor in the position of assistant. No violation of the nepotism law is found in the initial appointments. These were made by the judge, who was not related to any of the appointees.

It has been suggested that there was no chief adult probation officer until September 1979, when a judicial order setting salaries refers to the husband as "Chief Adult Probation Officer." However, we believe that as of 1973 the husband was in fact the chief adult probation officer. Section 10(b) states that there shall be a chief adult probation officer when more than one probation officer is required. There was an assistant probation officer in 1973, and we believe that the adult probation officer occupied the position of chief even though he did not use the formal title. The statute gave him the powers of the chief whether or not he exercised them. Governmental powers must be exercised by the officer designated by law and may not be delegated to others. Moody v. Texas Water Commission, 373 S.W. 2d 793 (Tex. Civ. App. - Austin 1963, writ ref'd n.r.e.). Thus, as of September 1, 1973, the person designated as adult probation officer had power to appoint clerks in the department, subject to the judge's approval.

The adult probation officer did not initially appoint his wife as clerk in the department. If the wife were employed on a yearly contract, she could serve out the year. At that time, the nepotism law would bar the chief probation officer from renewing her contract. If she were employed on a month-to-month basis, where in effect a new contract is made each month, she would continue to serve for one month. See Attorney General Opinions M-857 (1971); O-1408 (1939); Letter Advisory No. 70 (1973). If her employment was at will, she could not be retained after her husband's appointment as chief in 1973. Although the nepotism statute would not necessarily require him to discharge his wife immediately, depending on the term of her initial employment, it would prohibit any act resulting in her further employment or improvement of position. Letter Advisory No. 70 (1973).

## SUMMARY

Article 5996a, V.T.C.S., prohibits the chief adult probation officer appointed under section 10(b) of article 42.12 of the Code of Criminal Procedure from taking any action to renew or extend his wife's employment as clerk in the probation department.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Rick Gilpin
Nancy Lynch
Bruce Youngblood