

# The Attorney General of Texas

March 28, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ann W. Richards
Treasurer of the State of Texas
P. O. Box 12608, Capitol Station
Austin, Texas  78711

Opinion No.  JM-459

Re: Whether awards to state employees under the State Employee Incentive Program contravene article III, section 44, of the Texas Constitution

Dear Ms. Richards:

You request legal advice on implementing the State Employee Incentive Program, which was created by article 6252-28, V.T.C.S. See Acts 1985, 69th Leg., ch. 873, at 6421. The statute creates the State Employee Incentive Commission, consisting of the state auditor, the comptroller, the treasurer, the administrators of various agencies and three members of the public. Section 4 of article 6252-28, V.T.C.S., provides in part:

> The commission shall develop policies and organize procedures to implement a statewide program to reward state employees in the manner provided by this Act for employee recommendations that reduce state expenditures, increase state revenues, or improve the quality of state services.

Sec. 4(a). Other provisions establish procedures for the submission, evaluation, and adoption of employee recommendations. V.T.C.S. art. 6252-28, §§7-10. The commission may grant a monetary bonus to an employee whose suggestion is implemented if it produces savings that can be computed using a cost-benefit analysis. Id. §2. Benefits that cannot be computed or intangible savings may be recognized by a nonmonetary certificate of appreciation. Id. Section 2(e) states the formula for computing the amount of a bonus awarded under the program:

> (e) An employee whose recommendation results in a net annual savings, or increase in revenues, of $100 or more is eligible for a bonus of 10 percent of the net savings, or revenue increase, up to a maximum award of $5,000. An employee whose recommendation results in a net annual savings, or increase in revenues, of less than

$100 is not eligible for a bonus but is eligible
for a certificate of appreciation.

You first ask whether the monetary awards authorized by article
6252-28, V.T.C.S., are constitutional under article III, section 44 of
the Texas Constitution.

Article III, section 44 of the constitution provides:

> The Legislature shall provide by law for the
> compensation of all officers, servants, agents and
> public contractors . . . but shall not grant extra
> compensation to any officer, agent, servant, or
> public contractors, after such public service shall
> have been performed or contract entered into, for
> the performance of the same; nor grant, by appro-
> priation or otherwise, any amount of money out of
> the Treasury of the State, to any individual, on a
> claim, real or pretended, when the same shall not
> have been provided for by pre-existing law. . . .
> (Emphasis added).

You are concerned about the constitutional prohibition against
granting extra compensation to an officer after the services have been
performed.

Article III, section 44, does not prohibit the payment of
benefits to employees as an element of compensation or a term of
employment. See Byrd v. City of Dallas, 6 S.W.2d 738 (Tex. 1928);
Attorney General Opinions H-1303 (1978); WW-790 (1960). Article
6252-28, V.T.C.S., does not permit an employee to receive extra
compensation for performing the duties of his state employment, as
demonstrated by the exclusions found in section 6 of the statute:

> (a) Each full-time state employee is eligible
> to participate in the program except an employee:
>
> (1) who has authority to implement the
> recommendation being made;
>
> . . . .
>
> (3) whose job description includes respon-
> sibility for cost analysis, efficiency analysis,
> savings implementation, or other related pro-
> grams within the employee's agency;
>
> (4) involved in, or who has access to,
> agency research and development programs, if
> that information is used as the basis of the
> recommendation; or

> (5) whose job description includes developing the type of change in the agency administration that is recommended by the recommendation. . . .

V.T.C.S. art. 6252-28, §6. The statute instead adds a new term to an eligible person's employment relationship with the state, enabling an employee to receive compensation for performing intellectual work that is beyond the scope of his employment responsibilities and that has a concrete monetary value to the state. Merely by submitting a recommendation, an employee assigns to the state all claims based on the recommendation, including patent claims, copyright claims, trademark claims, and other analogous claims. V.T.C.S. art. 6252-28, §10(b). Thus, the state may receive some consideration from participants in the State Employees Incentive Program whose suggestions are not implemented.

Attorney General Opinion WW-790 (1960) determined that an employee awards program of the State Highway Commission did not violate article III, section 44 of the Texas Constitution. The Appropriations Act authorized the Highway Department to give employees service award pins and certificates as compensation for longevity of service and safety award pins and certificates for safe operation of state equipment. Acts 1959, 56th Leg., 3d C.S., ch. 23, at 590; see also Acts 1985, 69th Leg., ch. 980, art. V, §11, at 7768 (similar provision in current appropriations act). The opinion determined that article III, section 44 of the constitution did not prohibit the awards, stating as follows:

> Just because the awards are based on the length of the employee's service, it does not follow that the awards are 'additional compensation' in payment for past service after such service has been performed. It is within the discretion of the Legislature to determine that a state employee is more valuable to the State today because of his experience gained by long and faithful past performance.

Attorney General Opinion WW-790 (1960); see also Attorney General Opinion H-336 (1974). In our opinion, the legislature may also compensate employees for valuable suggestions pursuant to article 6252-28, V.T.C.S., without violating article III, section 44 of the Texas Constitution.

We will deal with your second and third questions together. You ask whether funds have been appropriated to the State Employees Incentive Commission for the 1986-1987 biennium to make awards. If no funds are appropriated to make awards under the State Employee Incentive Program, you wish to know whether a state agency, which has the authority to accept donations or gifts, may make awards on behalf

of the commission to state employees based on the recommendation of the commission.

Article 6252-28, V.T.C.S., provides in part:

Sec. 2. . . .

(b) <u>From funds appropriated for this purpose, the State Employee Incentive Commission may grant awards to eligible state employees who make recommendations that reduce state expenditures,</u> increase state revenues, or improve the quality of state services.

. . . .

Sec. 4. (a) <u>The commission shall develop policies and organize procedures to implement a statewide program to reward state employees in the manner proved by this Act</u> for employee recommendations that reduce state expenditures, increase state revenues, or improve the quality of state services.

. . . .

(d) <u>The commission may accept contributions and/or assistance from private institutions and organizations,</u> and may request and receive aid and assistance from the governor's office, the Texas Advisory Commission on Intergovernmental Relations, and other state agencies so as to provide for an effective implementation of this Act.

Sec. 5. (a) <u>Each state agency shall designate an agency coordinator. The agency coordinator shall:</u>

(1) promote agency employee participation in the program;

(2) obtain an impartial evaluation of each proposed employee recommendation;

(3) promote the implementation of adopted recommendations by the agency;

(4) monitor the cost savings and other benefits that result from the implementation of an employee recommendation;

(5) file reports with the commission as required by the rules of the commission; and

(6) arrange and conduct intra-agency award ceremonies to recognize agency employees who are granted awards under this Act.

(b) The agency coordinator shall make the initial determination of the eligibility of an employee recommendation or of an agency employee who makes a recommendation. An employee who is aggrieved by the eligibility determination of the agency coordinator may request a redetermination by the commission. (Emphasis added).

We are unable to find any appropriation expressly made to the State Employees Incentive Commission for the 1986-1987 biennium for any purpose. See Acts 1985, 69th Leg., ch. 980, at 7496-7499 (recapitulation of appropriations made to executive and administrative departments and agencies). Section 4(d) of article 6252-28, V.T.C.S., does not, in our opinion, constitute an appropriation of gifts to the commission. It authorizes the commission to receive gifts which have been appropriated by the legislature, and earmarks such gifts for the commission's use. See Tex. Const. art. VIII, §6; National Biscuit Company v. State, 135 S.W.2d 687 (Tex. 1940). The Appropriations Act includes a rider which appropriates "bequests and gifts of money to state agencies named in this Act" to the agency designated by the grantor. Acts 1985, 69th Leg., ch. 980, art. V, §19, at 7776. Since the commission is not named in the Appropriations Act, the rider does not appropriate to the commission contributions received under the authority set out in section 4(d). See generally V.T.C.S. art. 4393-1, §§4.001-4.004 (State Funds Reform Act). Based on our review of the current Appropriations Act, the commission has not received an appropriation to fund the awards authorized by article 6252-28, V.T.C.S.

As we understand your third question, you wish to know whether another state agency with authority to accept donations may use donated funds to make awards to state employees on behalf of the State Employees Incentive Commission. Stated another way, you ask whether another agency may use its donated funds to finance the awards the commission decides to make.

In our opinion, another state agency may not use donated funds to make awards on behalf of the State Employee's Incentive Commission. As already pointed out, gifts to state agencies are appropriated by the following rider:

Sec. 19. ACCEPTANCE OF GIFTS OF MONEY. All bequests and gifts of money to state agencies named in this Act are hereby appropriated to the

agency designated by the grantor and for such purposes as the grantor may specify, subject to the following:

(1) <u>All such bequests and gifts of money,</u> unless exempted by specific statutory authority, <u>shall be deposited into the State Treasury and</u> <u>shall be expended in accordance with the pro-</u> <u>visions of this Act.</u> (Emphasis added).

Acts 1985, 69th Leg., ch. 980, art. V, §19. This provision does not authorize agencies to accept gifts; it merely appropriates gifts to agencies authorized by general law to accept them. Attorney General Opinions H-1180 (1978); H-120 (1973); O-4681 (1942). An agency with general law authority to accept gifts may accept only those gifts made for purposes which reasonably relate to its statutory purposes. Attorney General Opinions MW-373 (1981); H-120 (1973).

The quoted Appropriations Act rider provides that gifts received by an agency must be expended in accordance with the Appropriations Act. They may therefore be used only for the purposes authorized by items of appropriation to that agency. <u>See</u> Tex. Const. art. VIII, §6; <u>National Biscuit Company v. State,</u> 135 S.W.2d 687 (Tex. 1940). Moreover, donated funds are also subject to an appropriations act rider which prohibits the transfer of appropriated funds from one agency to another unless the transfer is specifically authorized by the Appropriations Act. Acts 1985, 69th Leg., ch. 980, art. V, §63, at 7792. The arrangement you have inquired about is not precisely a transfer of funds, but it is very similar in effect to a transfer of appropriated funds from another state agency to the commission.

Article III, section 44 of the Texas Constitution prohibits the appropriation of money from the Treasury unless pre-existing law authorizes the appropriation. <u>Austin National Bank v. Sheppard,</u> 71 S.W.2d 242 (Tex. 1934). Article 6252-28, V.T.C.S., authorizes an appropriation to the commission for awards under the incentive program it administers; the commission may grant awards "[f]rom funds appropriated for this purpose. . . ." V.T.C.S. art. 6252-28, §2(b). Other state agencies may assist the commission to provide for effective implementation of the incentive program, and each state agency has an agency coordinator with some responsibility for the functioning of the program within his agency. <u>See</u> V.T.C.S. art. 6252-28, §§4(d), 5, 7. Article 6252-28, V.T.C.S., does not, however, authorize an appropriation to any agency other than the commission to finance the awards to state employees. We are unaware of another state agency with general law authority to make awards to employees chosen by the State Employee Incentive Commission. State agencies have some authority to make awards as additional compensation to their own employees, <u>see</u> Acts 1985, 69th Leg., ch. 980, art. V, §11, at 7768; Attorney General Opinion WW-790 (1960), but we do not know of an agency other than the

commission with authority to make awards to employees of any and all state agencies.

Administrative agencies have only those powers expressly conferred on them by statute, and those necessarily implied from express powers. Railroad Commission of Texas v. Red Arrow Freight Lines, Inc., 96 S.W.2d 735 (Tex. Civ. App. - Austin 1936, writ ref'd). The legislature has expressly conferred upon the commission the authority to receive appropriations under the State Employees Incentive Program, and the commission may not transfer this authority to another agency. See Moody v. Texas Water Commission, 373 S.W.2d 793 (Tex. Civ. App. - Austin 1963, writ ref'd n.r.e.) (governmental powers must be exercised by body delegated by law and cannot be delegated to others).

### S U M M A R Y

The monetary awards authorized for the State Employees Incentive Program by article 6252-28, V.T.C.S., do not violate article III, section 44 of the Texas Constitution. No funds have been appropriated to the State Employees Incentive Commission for the 1986-1987 biennium to make such awards. Another state agency may not spend donated funds to finance awards made by the commission to state employees.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General