OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 14, 2002

The Honorable Kim Brimer
Chair, Business and Industry Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0544

Re: Authority of a general-law municipality to assign to a "city administrator" duties reserved by statute to the mayor or city manager, and related questions (RQ-0515-JC)

Dear Representative Brimer:

You ask whether a general-law city may appoint a "city administrator" by ordinance and assign to that officer the statutory duties of a mayor or duly appointed city manager.[1] In particular, you inquire about the application of Local Government Code chapters 22, 25, and 102 to specific issues raised by your inquiry. See TEX. LOC. GOV'T CODE ANN. chs. 22, 25, 102 (Vernon 1999 & Supp. 2002). Where the legislature has granted express statutory duties to the mayor or duly appointed city manager of a general-law city, the city council has no authority to assign those duties to a "city administrator" or other city officer or agent.

The Local Government Code provides for three types of general-law city, identified as Type A, B, and C. See TEX. LOC. GOV'T CODE ANN. § 1.005(1) (Vernon 1999). Your inquiry relates to the City of Haslet, a Type A general-law city.[2] A Type A general-law city has the "mayor-council" or "aldermanic" form of government upon incorporation. See generally id. § 22.031 (election of mayor and aldermen in Type A general-law city). Its officers include "the secretary, treasurer, assessor and collector, municipal attorney, marshal, municipal engineer, and any other officers or agents authorized by the governing body." Id. § 22.071(a). The governing body may prescribe the powers and duties of a municipal officer appointed or elected under the Local Government Code whose duties are not specified by the code. See id. § 22.072; see also id. §§ 22.073, .075 (powers and duties of city secretary and treasurer).

Unlike a home-rule city that possesses all powers not denied to it by statutes or the constitution, so long as the city has incorporated those powers in its home-rule charter, general-law cities are creatures of statute and have only those powers expressly granted by statute or necessarily

---

[1] Letter from Honorable Kim Brimer, Chair, Business and Industry Committee, Texas House of Representatives, to Susan Gusky, Chair, Opinion Committee, Office of the Texas Attorney General (Feb. 8, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2] Telephone call from Wade Adkins, Taylor and Olson, City Attorney for City of Haslet (June 12, 2002).

implied therefrom. *See Massengale v. City of Copperas Cove*, 520 S.W.2d 824, 828 (Tex. Civ. App.–Waco 1975, writ ref'd n.r.e.); *Ex parte Ernest*, 136 S.W.2d 595, 597 (Tex. Crim. App.–1939, no writ); Tex. Att'y Gen. Op. Nos. JC-0145 (1999) at 1; JM-169 (1984) at 1-2; Tex. Att'y Gen. LO-90-14, at 1. The governing body of a general-law city may adopt ordinances and rules that are "for the good government . . . of the municipality" and "necessary or proper for carrying out a power granted by law." TEX. LOC. GOV'T CODE ANN. § 51.001 (Vernon 1999). *See also id.* § 51.012 (Type A general-law city "may adopt an ordinance, act, law or regulation, not inconsistent with state law, that is necessary for the government, interest, welfare, or good order of the municipality.").

You ask three questions about the authority that a city council may delegate to an appointed city administrator, in contrast to the authority conferred by statute on a city manager. You first ask whether the governing body of a general-law municipality may assign the duties of budget officer to a city officer other than the mayor, citing Local Government Code chapter 102 in connection with your question. *See* Request Letter, *supra* note 1, at 2.

Local Government Code chapter 102 sets out the process for preparing and adopting the budget of a general-law city. *See* TEX. LOC. GOV'T CODE ANN. §§ 101.041, 102.001-.010 (Vernon 1999 & Supp. 2002). Section 102.001 provides that "the mayor of a municipality serves as the budget officer for the governing body of the municipality" unless "the municipality has the city manager form of government." *Id.* § 102.001 (Vernon 1999). In that case, the city manager serves as the budget officer. Each year the budget officer is required to prepare a budget showing the information required by section 102.003 of the Local Government Code. *See id.* §§ 102.002-.003 (Vernon 1999). In preparing the budget, the budget officer may require any municipal officer or board to furnish information necessary to properly prepare the budget. *See id.* § 102.004 (Vernon 1999).

The legislature has expressly designated the mayor as the budget officer of a municipality, unless the municipality has the city manager form of government, and has assigned specific duties by statute to the mayor. The city council must comply with the legislature's will as expressed in Local Government section 102.001 and accordingly has no authority to reassign the mayor's statutory duties to another officer. The mayor is expressly authorized to require other city officers to provide necessary information to him and may also delegate to city employees nondiscretionary ministerial and administrative tasks necessary to carry out his statutory duties as budget officer. *See Newsom v. Adams*, 451 S.W.2d 948 (Tex. Civ. App.–Beaumont 1970, no writ); *Moody v. Tex. Water Comm'n*, 373 S.W.2d 793, 797 (Tex. Civ. App.–Austin 1963, writ ref'd n.r.e.) (absent express legislative authority, a public office may delegate only ministerial tasks).

The governing body of the municipality also has statutory duties with respect to the budget. It must hold a public hearing on the proposed budget before taking action on it and may make any changes in the budget that it considers warranted by the law or by the best interest of the taxpayers. *See* TEX. LOC. GOV'T CODE ANN. §§ 102.006 (Vernon 1999), .0065 (Vernon Supp. 2002), .007(b) (Vernon 1999). It may levy taxes only in accordance with the budget and may spend municipal

funds only in compliance with the budget, except in an emergency, when the governmental body may authorize an emergency expenditure as an amendment. *See also id.* § 102.010 (Vernon 1999) (governing body not prevented from making changes in the budget for municipal purposes). While the city council may employ personnel as necessary to assist it in carrying out its own statutory responsibilities under chapter 102, it may not thereby interfere with the mayor's statutory authority as budget officer.

You next ask the following questions about the requirements for adopting a city manager form of government found in Local Government Code chapter 25:

> a. Is an election required to adopt a city manager form of government?
>
> b. Is an election required to operate an aldermanic form of government as a city manager form of government?
>
> c. May a governing body call for an election on this issue on its own accord under section 25.021?
>
> d. May an election on this issue only be held upon the submission of a petition by qualified voters in accordance with section 25.022?

Request Letter, *supra* note 1, at 2.

A general-law city with a population of less than 5,000 may adopt the city manager form of government by holding an election on the question according to the procedures set out in Local Government Code chapter 25. *See* Tex. Loc. Gov't Code Ann. §§ 25.001-.002 (Vernon 1999). The population of the City of Haslet is approximately 1,100. *See* Texas Community Profiles, Haslet, *available at* http://204.64.175.160/communities/commmpages/986.htm (last visited Aug. 9, 2002). "The residents of the municipality may file a petition with the clerk of the municipality requesting the mayor to call a special election to determine whether the municipality shall adopt the city manager form of government." Tex. Loc. Gov't Code Ann. § 25.022(a) (Vernon 1999). "Within 10 days after the date a petition is filed, the mayor of the municipality shall issue a proclamation ordering a special election" to determine "whether the municipality will adopt the city manager form of government." *Id.* § 25.023. If the city manager form of government is adopted, the governing body shall appoint the city manager, who serves at the will of the governing body. *See id.* §§ 25.026 -.028. The city manager's powers are set out in section 25.029, which provides in part:

> (a) The city manager shall administer the municipal business and the governing body of the municipality shall ensure that the administration is efficient.

>      (b) The governing body by ordinance may delegate to the city
> manager any additional powers or duties the governing body
> considers proper for the efficient administration of municipal affairs.

*Id.* § 25.029(a)-(b). The statutory predecessor of section 25.029(a) described the reach of the city manager's authority as follows: "[T]he administration of the city's business shall be in the hands of such manager" and the "governing body shall be responsible for the manager's efficient administration of the city's business." Act of May 7, 1943, 48th Leg., R.S., ch. 356, § 5, 1943 Tex. Gen. Laws 615, 616, *repealed and reenacted as Local Government Code ch. 25 by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49, 1987 Tex. Gen. Laws 707, 736-38, 1306 (nonsubstantive revision of statutes relating to local government). If the city wishes to abandon the city manager form of government, it may do so by holding an election pursuant to section 25.071 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 25.071 (Vernon 1999).

Chapter 25 thus requires a general law city to hold an election to adopt the city manager form of government, and absent such an election, the city council will not have authority to appoint a city manager to "administer the municipal business" or to exercise "additional powers or duties the governing body considers proper for the efficient administration of municipal affairs." TEX. LOC. GOV'T CODE ANN. § 25.029(a)-(b). The opinion of the Texas Supreme Court in an analogous question of county law shows why the city must comply with Local Government Code chapter 25 if it wishes to have a city manager with the powers set out by statute. In *Canales v. Laughlin*, a county commissioners court adopted a resolution creating the office of county road administrator and conferring broad powers on the office. *See Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948). The court noted that a commissioners court could exercise only those powers that the Constitution and the statutes have "specifically conferred upon them" and that the legal basis for any action by a commissioners court must be found in the Constitution or statutes. *See id.* at 453 (citations omitted). Although the commissioners court had general authority to employ agents, several specific provisions authorized it to employ agents to perform duties in connection with county road and bridges, subject to certain conditions and restrictions. Because "the legislature has expressly provided that the commissioners courts may employ persons to superintend or supervise the county road system and has placed certain conditions and restrictions on the exercise of this power, these conditions and restrictions must be observed if the authority is to be exercised." *Id.* at 457.

A general-law city has only those powers expressly granted to it by statute or necessarily implied therefrom. The legislature has authorized the voters of a general-law city to adopt the city manager form of government by complying with the procedures of Local Government Code chapter 25, and the governing body of the city may not circumvent those procedures. Accordingly, an election pursuant to chapter 25 is required for a general-law city to adopt the city manager form of government. An election on this issue may be held only upon the submission of a petition by qualified voters in accordance with section 25.022, and the governing body of the city may not call for an election on this issue on its own accord. *See generally Anderson v. City of Seven Points*, 806 S.W.2d 791, 793-94 (Tex. 1991) (mayor had ministerial duty to order election under statute requiring him to do so when presented with petition of requisite number of voters).

You finally ask the following questions with respect to Local Government Code chapter 22, which applies to Type A general-law cities:

> a. Does the Attorney General distinguish between "City Administrator" and "City Manager"?

> b. May a governing body appoint by ordinance only a City Administrator or City Manager under Section 22.071, Subsections (a), (b), or (c)?

> c. May a governing body prescribe . . . to a municipal officer other than a mayor or duly appointed city manager the powers and duties prescribed to a mayor or duly appointed city manager under Section 22.072, Subsections (a) or (b)?

Request Letter, *supra* note 1, at 2.

Neither the legislature nor this office has defined the term "city administrator" or addressed distinctions between the city manager appointed under Local Government Code chapter 25 and a city administrator appointed by the city council under its general authority to appoint officers and agents. The legislature has referred to a "city administrator" in a few statutes applicable to the municipal courts of specific cities. For example, section 30.00495 of the Government Code, which applies to the City of Crowley, states that "[t]he city manager or city administrator of the city shall appoint a clerk of the municipal court of record." TEX. GOV'T CODE ANN. §§ 30.00491, .00495 (Vernon Supp. 2002). *See also id.* §§ 30.00636, .01543, .01692. The legislature's use of the term "city administrator" in these provisions may merely recognize that the particular city has delegated certain hiring decisions to an appointed city administrator. *See* Tex. Att'y Gen. Op. No. DM-2 (1991) (members of city council of Type A general-law city did not avoid prohibitions of nepotism law by delegating hiring responsibility to city administrator).

We understand that the city councils of some general-law cities have created the position of "city administrator" and delegated specific duties to that position under the authority of the Local Government Code without holding an election under chapter 25.[3] Some general-law cities "call their city administrator a city manager, city superintendent, or some other title, so some confusion and misunderstanding exists about the two offices." Houston Brief, *supra* note 3, at 2.

The duties that the city council attempts to delegate to the appointee are more relevant than the title to the legality of the delegation. If a general-law city appoints someone called a "city manager" without first adopting the city manager form of government under Local Government Code chapter 25, that person will not have the powers and duties that chapter 25 grants to a city

---

[3]Brief from Scott N. Houston, Assistant General Counsel, Texas Municipal League, to Honorable John Cornyn, Texas Attorney General (Mar. 13, 2002) (on file with Opinion Committee) [hereinafter Houston Brief].

manager properly appointed according to its terms. *See Canales*, 214 S.W.2d at 457. Absent express legislative authority to delegate its discretionary authority, the city council may delegate only nondiscretionary ministerial and administrative tasks to city employees. *See Newsom*, 451 S.W.2d at 953; *Moody*, 373 S.W.2d at 797; *Booth v. City of Dallas*, 179 S. W. 301, 305 (Tex. Civ. App.–Dallas 1915, writ ref'd).

We next consider whether Local Government Code section 22.071 authorizes a city council to appoint a city administrator or city manager by ordinance only. This provision, like all of Local Government Code chapter 22, "applies to a Type A general-law municipality." Subsection (a) provides as follows:

> (a) In addition to the members of the governing body of the municipality, the other officers of the municipality are the secretary, treasurer, assessor and collector, municipal attorney, marshal, municipal engineer, and any other officers or agents authorized by the governing body.

TEX. LOC. GOV'T CODE ANN. § 22.071(a) (Vernon 1999). The governing body is required to provide by ordinance for the election or appointment of the officers provided by section 22.071, and it may "confer on other municipal officers the powers and duties of an officer provided for by this section." *Id.* § 22.071(b)-(c).

Pursuant to section 22.071(a), the governing body of a Type A general-law city may authorize and appoint other officers and agents in addition to those expressly identified in that provision. However, if the voters have not approved the city manager form of government in an election held under Local Government Code chapter 25, the governing body will not have authority to appoint an officer or agent to exercise the powers and duties that chapter 25 grants to a city manager, regardless of the title given the appointee. *See Canales*, 214 S.W.2d at 457.

You finally ask whether Local Government Code section 22.072 authorizes the governing body to grant to a municipal officer other than a mayor or duly appointed city manager the powers and duties conferred by statute upon a mayor or duly appointed city manager. *See* Request Letter, *supra* note 1, at 2. Sections 22.072(a) and (b) of the Local Government Code, applicable to Type A general-law cities, authorize the governing body to "require a municipal officer whose duties are prescribed by this code to perform additional duties" and to "prescribe the powers and duties of a municipal officer appointed or elected to an office under this code whose duties are not specified by this code." TEX. LOC. GOV'T CODE ANN. § 22.072(a)-(b) (Vernon 1999). We answer this question in the context of Local Government Code chapter 102, which provides that the mayor of a municipality serves as the budget officer for the governing body, unless the municipality has the city manager form of government. *See id.* § 102.001. As we have already concluded, the governing body may not delegate to another person the power and duties statutorily assigned to the mayor or to the city manager appointed pursuant to chapter 25.

### S U M M A R Y

General-law cities are creatures of statute and have only those powers expressly granted by statute or necessarily implied therefrom. The legislature has expressly designated the mayor of a general-law city as the budget officer of a municipality, unless the municipality has adopted the city manager form of government, and has assigned specific duties by statute to the mayor. The city council has no authority to reassign the mayor's statutory duties to another officer.

A general-law city must hold an election pursuant to Local Government Code chapter 25 if it wishes to adopt the city manager form of government. Absent compliance with the procedures of chapter 25, the city council of a general-law city will not have authority to appoint a city manager to administer the municipal business and exercise other authority conferred upon a city manager by Local Government Code chapter 25.

The governing body may not delegate to another person the authority as budget officer that Local Government Code chapter 102 confers upon the mayor or the city manager appointed in compliance with Local Government Code chapter 25. The mayor is expressly authorized to require other city officers to provide necessary information to him and may also delegate to city employees nondiscretionary ministerial and administrative tasks necessary to carry out his statutory duties as budget officer.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee