NEAL POLK V. J. R. DAVIDSON ET AL.

No. A-1036. Decided October 11, 1946.
(196 S. W., 2d Series, 632.)

*Vinson, Elkins, Weems & Francis, Fred R. Switzer, Marvin Collie, Blades, Chiles, Moore & Kennerly, Fred W. Moore, Regan Cartwright,* all of Houston, for relator.

On the proposition that the case is moot and should be dismissed, see Love v. Wilcox, 119 Texas 256, 28 S. W. (2d) 515; Thomason v. Seale, 122 Texas 160, 153 S. W. (2d) 764; 3 Texas Jur. 68.

*Sam Holliday,* of Houston, and *Hart & Brown,* and *James P. Hart,* all of Austin, for respondent.

By reason of the amendments to Articles 3129, 3131, and 3153 of the Revised Civil Statutes it was the intention of the Legislature to make sure that a candidate will not be entitled to have his name printed on the ballot as the nominee of the party, so long as a bona fide and proper contest of the primary election has not been finally determined.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is an original action for mandamus brought in this court by Neal Polk, relator, against J. R. Davidson, W. D. Miller and Judge Phil D. Woodruff, respondents.

On August 31, 1946, the Democratic Executive Committee of Harris County duly certified to Miller, County Clerk of Harris County, that Polk was the democratic nominee for Sheriff of that county as the result of a second primary held August 24, 1946.

On September 9, 1946, Davidson, who had been Polk's opponent in the second primary, filed in the 113th District Court of Harris County, over which Judge Woodruff presides, a contest of Polk's nomination, alleging that many votes in several specified boxes were illegal in that the voters were not residents of the precincts wherein they voted and that numerous votes cast for Polk in other designated boxes were illegal because not numbered or signed by the election judges and were, therefore, wrongfully counted for Polk.

The trial started on September 21, on Davidson's first amended original petition after Polk's motion to dismiss the case had been overruled by Judge Woodruff. However, the court sustained certain special exceptions urged by Polk, whereupon Davidson filed his second amended original petition on September 24, and the trial proceeded after Polk had answered by trial amendment. Except for Saturday afternoons and Sundays and a part of Monday, September 30, the trial continued without interruption in hearing Davidson's witnesses and was still so in progress when Polk's petition was filed in this court on October 3 as well as when this cause was submitted here on Monday, October 7.

Polk's contention here is that the case in Judge Woodruff's court is moot because it cannot be concluded soon enough for an appeal and final decision by the court of civil appeals in time for the ballots to be printed and available to absentee voters on the morning of October 16. His prayer is that this court

issue a writ of mandamus directing Judge Woodruff to dismiss Davidson's suit; that Miller, as county clerk, be directed to print Polk's name on the general election ballot as democratic nominee for sheriff; and that Davidson be ordered to cease his contest.

An affidavit of a deputy district clerk in attendance upon the trial in Judge Woodruff's court shows that on September 30, subpoenas had been issued for 67 witnesses at Davidson's request and 218 at the request of Polk. An affidavit of the court reporter taking the testimony in Judge Woodruff's court states that up to October 1 the testimony received would require approximately 1150 typewritten pages; that he could transcribe about 60 to 70 typewritten pages per day from his shorthand notes; that if the case continued until October 5 "at the present rate of taking the evidence" the statement of facts would occupy approximately 2000 typewritten pages; that he could not "according to my best judgment" have such a statement of facts ready by October 16; and that his estimates are based upon his experience of 13 years as a court reporter.

However, in his answer to Polk's petition as filed herein on October 7, Davidson states that he was that day waiving all claim of illegality in the election then being contested in Judge Woodruff's court except in two boxes and was waiving any grounds of contest in those two boxes except that certain ballots counted there for Polk "were not signed by the respective presiding judges in such precints." His counsel made substantially the same statement in their oral arguments in this court. On that basis Davidson claims that the statement of facts can be reduced to about 100 typed pages; that with the issues thus narrowed all parties can finally rest on the introduction of evidence not later than October 8; that the unsuccessful party can perfect his appeal and file a statement of facts in the court of civil appeals not later than October 13 or 14; that, since the statutes require the court of civil appeals to give election contests precedence and early hearing, "the cause can be submitted in the court of civil appeals and decision rendered in that court prior to the date that it will become necessary for the County Clerk of Harris County to require the official ballot to be printed." All these conclusions are questioned by counsel for Polk.

It is conceded that Polk's name has been duly published by Miller and posted by him in the county clerk's office as the demo-

cratic nominee, so any question on that score passes out of the case.

The general election this year comes on November 5. Therefore, absentee balloting in that election begins on October 16.

■ Since this court has the power, in a proper case, to direct a district judge to proceed to trial of a pending suit, it is under the duty to direct him to dismiss a cause when dismissal is the only proper judgment. Thomason v. Seale et al, 122 Texas 160, 53 S. W. (2d) 764.

■ And when a case becomes moot the only proper judgment is one dismissing the cause. The University Interscholastic League v. Sims et al, 133 Texas 605, 131 S. W. (2d) 94.

■ A case becomes moot "when any right which might be determined by the judicial tribunal could not be effectuated in ' the manner provided by law." Sterling v. Ferguson et al, 122 Texas 122, 142, 53 S. W. (2d) 753. As regards party primary nominations, the authorities recognize that one holding a certificate that he is the nominee is endowed with a valuable right which he may enforce, that is, the right to have his name printed on the official election ballot as such nominee until the certificate is set aside in a proper proceeding, such as an election contest; that voters as well as nominees holding certificates have a valuable right under the statutes of this state to have absentee ballots printed and available to them at the prescribed time; that, therefore, when the time comes that the issues cannot be heard and a final judgment entered adjudging the validity or invalidity of the nominee's certificate so that absentee ballots can be printed and available to voters as and when required by statute, the contest is moot and must be dismissed. Ferguson v. Sterling, supra, and the authorities there cited. And an election contest is moot, under the foregoing rule, unless it can be finally disposed of on its merits in the court of civil appeals in time "to meet our * * absentee voting statutes." Taylor v. Nealon, Chief Justice, 132 Texas 60, 120 S. W. (2d) 586.

Under the authorities cited, the cause of action now being prosecuted by Davidson.in Judge Woodruff's court undoubtedly is moot. Harris County has a large population. Since absentee voting for this year's general election must begin next Wednesday, October 16, we are warranted in saying that the ballots must be printed there at least by some time Tuesday, October

15, to insure that absentee ballots will be available to Harris County voters on Wednesday morning. We are entering judgment herein on Friday, October 11, just four days before the last day the ballots can be printed to comply with the election laws of this state. Whoever loses in Judge Woodruff's court has five days after judgment is entered in that court in which to perfect his appeal to the Court of Civil Appeals, at Galveston. Thereafter he would have a reasonable time in which to get the transcript and statement of facts filed in that court, under Art. 3150 R. S. 1925, as amended by Act 47th Leg. R. S. 1941, p. 1403. Moreover, although that court is required to expedite its hearing, some time is required to set the case and have a hearing thereon; and we may safely assume that after the hearing that court would need at least a few days in which to study the case and write its opinion. In the face of those facts, the conclusion is inescapable that it would be utterly impossible finally to dispose of Davidson's case on its merits in the court of civil appeals soon enough to have the ballot printed with the name of the nominee for sheriff thereon in time to start absentee balloting next Wednesday morning. See Iles v. Walker, Chief Justice, et al, 132 Texas 6, 120 S. W. (2d) 418.

We are aware that Art. 3153, R. S. 1925, permitting appeal by either party to the court of civil appeals, was amended by Acts 47th Leg. R. S. 1941, p. 1403, to add: "Provided, that no appeal in such cases shall be dismissed as moot merely because of *possible* interference with the printing of the official ballot, unless the appellant has been guilty of negligence in perfecting and prosecuting such appeal, but such appellate court shall retain jurisdiction of such appeal and expeditiously dispose of same." (Italics ours.) The word *possible* means capable of being, becoming or coming to pass; neither necessitated nor precluded; free to happen or not. Words and Phrases (Perm. Ed.), Vol. 33, p. 116. It means that something may or may not occur; that may chance; dependent on contingency. Webster's New International Dictionary (2d Ed.). So the statute clearly means that the cause is not moot so long as the trial may or may not interfere with the printing of the official ballot. However, when to try the cause to a conclusion will certainly so interfere, as it would here, the case is moot, under the authorities cited. That is clearly the view of the amended statute taken by the court in the recent cases of King v. Fitch (Civ. App.), 181 S. W. (2d) 927, and Austin et al v. City of Alice (Civ. App.), 193 S. W. (2d) 290. In the former case it is said: "It *clearly* appears from the record that this case is moot, in that no effective relief by

way of injunction can be awarded, inasmuch as the time for the taking of certain pre-primary election actions (which are prescribed by statute) by the primary election officials *has passed and will pass* before a final judgment can be rendered in this case." (Italics ours.)

It is therefore ordered that mandamus issue as prayed by relator (1) directing the respondent, the Honorable Phil D. Woodruff, as Judge of the 113th Judicial District Court of Harris County, Texas, to dismiss cause No. E-335012, styled J. R. Davidson v. Neal Polk et al, from the docket of said court; (2) directing respondent, W. D. Miller, as County Clerk of Harris County, Texas, to print the name of relator, Neal Polk, on the official ballot for the general election to be held on November 5, 1946, as the Democratic nominee for Sheriff of Harris County, Texas; and (3) directing respondent, J. R. Davidson, to cease his contest of Relator Polk's nomination.

It is further ordered that this judgment shall be finally effective immediately, therefore this court will not entertain any motion for rehearing.

It is further ordered that the writs herein awarded be served on each respondent by telegram.

Opinion deleivered October 11, 1946.