## BOEKER v. MARTIN.

### No. 11676.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 21, 1946.

R. J. Noonan, of Hondo, W. B. Barbour, of Cotulla, and Morriss & Morriss, of San Antonio, for appellant.

L. B. Cooper, of Cotulla, and Herbert Oliver and John Peace, both of San Antonio, for appellee.

PER CURIAM.

This is an election contest between O. T. Boeker and J. W. Martin, for the Democratic nomination for the office of County Commissioner of Precinct No. 4, La Salle County, Texas. The primary election was held on July 27, 1946. On July 31, 1946, the returns were canvassed and J. W. Martin was declared nominated over O. T. Boeker by a vote of 79 to 76 or a majority of three votes. O. T. Boeker contested this certificate of nomination issued to J. W. Martin and at a hearing, which lasted five days, in the District Court of La Salle County, after sustaining the challange of four voters who voted for contestee and one who voted for contestant, judgment was entered on the 19th day of August, 1946, declaring contestee nominated over contestant by a vote of 75 to 74, or a majority of one vote. An appeal was perfected by contestant by filing an appeal bond within the five days allowed by Art. 3150, Vernon's Revised Civil Statutes, as amended by Act of 1941. The record was filed in this Court on October 8, 1946. Contestant filed his brief in this Court on October 14, 1946; at 4:30 o'clock p. m., at which time he furnished attorneys for contestee with a copy thereof. Contestant at this time also filed a motion to advance said cause for submission. Contestant's brief contains 33 pages and presents nine points for decision. The transcript contains some 66 pages and the statement of facts, some 460 pages.

Contestee, on October 15, 1946, filed a motion to dismiss the contest on the ground of mootness, stating that he could not possibly prepare his brief before October 16, 1946, which was the next day, and the day which under the law absentee voting was to begin for the general election to be held on November 5, 1946. Contestee stated that, in addition to replying to contestant's brief, he desired to make and present at least three cross-assignments of error.

In the interest of time, contestant offered to waive all of his points but three.

In view of the fact that there remained less than twenty-four hours before absentee voting is scheduled under the law to begin, and in view of the fact that contestee could not be expected to prepare and file his brief before that time, and in view of the fact there would be no time remaining for this Court to hear arguments and consider and decide this case before absentee voting would actually begin, therefore under the law this case is now moot, as was held in the very recent opinion of the Supreme Court, styled Neal Polk v. J. R. Davidson, 196 S.W.2d 632.

Appellee's motion to dismiss will be granted and this cause is here and now dismissed because it has become moot.