Jerry SPENCER et al., Appellants,

v.

Ron KESSLER, Appellee.

No. 5184.

Court of Civil Appeals of Texas, Eastland.

June 29, 1978.

Ronald A. Dubner, Dubner, Weinstein & Bell, Dallas, for appellants.

James E. Coleman, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

BRADBURY, Justice.

This is an appeal from an order of the trial court granting appellee's "motion to quash" a "show cause order why a writ of mandamus should not issue". Appellee, Ron Kessler, is County Chairman of the Dallas County Democratic Party and appellants, Jerry Spencer, Cecil Flook and Ernest Foree, are Precinct Chairmen of the same party. Appellants contend a writ of man-

damus should lie because appellee refused to comply with party rules.

The grounds for seeking the writ of mandamus as set forth in appellants' petition reads:

"Relators would show that the Respondent should be required by the issuing of notice herein to appear in this Court to show cause why a Writ of Mandamus should not issue for the reason that the next meeting anticipated to be called by the County chairman is on Monday, March 20, 1978. That in order that the party business be conducted in accordance with the Statutes of the State of Texas and the Rules of the Democratic Party of the State of Texas, notice should issue from this Court directing Respondent to appear herein and that a hearing be held accordingly. That because of the successful efforts of the Respondent to frustrate the attempts of the Precinct Chairmen to call a meeting themselves, the Precinct Chairmen have only the alternative of conducting business at meetings called by the County Chairman. That the March 20, 1978 Meeting is the next regularly called Meeting under the Statutes of the State of Texas; therefore the general business of the Party Executive Committee (in addition to the business required by Statutes) should likewise be permitted to be conducted at that time which would include but not be limited to an accounting of funds, decisions on expenditures of funds and any other business the Committee should, by adoption of an agenda, determine to be necessary to be conducted."

The prayer in appellants' brief is as follows:

"WHEREFORE, PREMISES CONSIDERED, Appellants pray that this cause be reversed and remanded for trial on the merits, and the trial be ordered to be held not later than Monday morning, March 20, 1978."

This appeal is moot. March 20, 1978, having passed, any order requiring appellee to take certain action at a meeting on that date would require an impossible act. Our Supreme Court in *Polk v. Davidson,* 145 Tex. 200, 196 S.W.2d 632 (1946), said:

"A case becomes moot 'when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law.' *Sterling v. Ferguson et al.,* 122 Tex. 122, 142, 53 S.W.2d 753, 761 . . ."

This case is dismissed. *Polk v. Davidson, supra.*