COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 WALTER
 ALEXANDER COPENHAVER,
  
                             Appellant,
  
 v.
  
 FEDERAL HOME
 LOAN MORTGAGE CORPORATION,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00016-CV
  
 Appeal from the
  
 County Court at Law No. 7
  
 of El Paso County, Texas 
  
 (TC# 2001-00058-7) 
  
 
 




 

O P I N I O N

 

The appeal arises from a forcible detainer case decided in favor of Federal Home Loan
Mortgage Corporation (AFreddie Mac@).  Under the judgment,
signed December 21, 2001, Walter Alexander Copenhaver
was instructed to vacate the premises by January 15, 2002; failure to do so
would entitle Freddie Mac to obtain a writ of possession ordering the constable
to remove appellant from the premises.

Prior to execution of the judgment,
appellant filed an appeal in this Court and a voluntary petition under the
United States Bankruptcy Code.  Because
of the latter action, action in this Court was stayed.








The bankruptcy case was then
dismissed.  Thereafter, appellant filed
another petition in bankruptcy.  Freddie
Mac sought relief from the automatic stay; that motion was granted by the
bankruptcy court on March 30.  The
bankruptcy court found that appellant was impermissibly employing the
Bankruptcy Code to thwart Freddie Mac from exercising its legitimate remedies
to gain possession of the property. 
Therefore, the court authorized Freddie Mac to proceed with eviction of
appellant.  The bankruptcy court
dismissed the second case on April 18.

On April 16, the constable executed a
writ of possession and forcibly removed appellant from the property.  Freddie Mac then filed a motion to dismiss
this appeal on May 20.  On May 21, this
Court, having received the bankruptcy court=s order annulling stay and granting
relief, ordered the stay be lifted and the appeal reinstated for purposes of
filing and considering the motion to dismiss.








Freddie Mac=s motion to dismiss claims under Kemper
v. Stonegate Manor Apartments, Ltd., 29 S.W.3d
362, 363 (Tex. App.--Beaumont 2000, pet. dism=d w.o.j.),
that the appeal of the forcible detainer action is
moot as the writ of possession has been issued and appellant has been removed
from the premises.  We agree.  A case is moot where judgment when rendered
can have no legal effect upon the controversy.  Swank v. Sharp, 358 S.W.2d 950, 951 (Tex. Civ.
App.--Dallas 1962, no writ). 
And we do not decide cases in which there is no controversy between the
parties.  Camarena v. Texas
Employment Comm=n,
754 S.W.2d 149, 151 (Tex. 1988). 
As the Supreme Court noted in Polk v. Davidson, 196 S.W.2d 632
(Tex. 1946), A[W]hen a case becomes moot the only
proper judgment is one dismissing the cause.@ 
Id. at 633.  Because in this case the writ of possession
has been executed, there is no longer a justiciable
controversy between the parties.

Accordingly, we grant appellee=s motion and dismiss the appeal.

 

                                                                        


SUSAN
LARSEN, Justice

June 20, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)