In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00153-CV


______________________________




MYRA A. HILL, DAVID B. ROGERS, 


AND UNIVERSAL LOGISTICS, INC., Appellants



V.



DAVID MEEK, ET AL., Appellees




 


On Appeal from the 113th Judicial District Court


Harris County, Texas


Trial Court No. 2000-26273




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Myra A. Hill, David B. Rogers, and Universal Logistics, Inc., have filed a notice of appeal. 
This is an appeal transferred to this Court from the First District Court of Appeals in Houston. The
record was due to be filed no later than October 16, 2002. Appellants have chosen not to provide
a record. On January 21, 2003, Appellants filed a motion asking this Court to abate the appeal. They
stated they had signed a settlement agreement on September 20, 2002. They asked this Court to
abate the case for six months while Appellants continue to make payments pursuant to the settlement
agreement.

 We overruled the motion. We also warned counsel that, because the case had been settled,
no real controversy existed, and reminded them that, in the absence of a controversy between the
parties, an appeal is moot. We then gave counsel ten days to provide this Court with an explanation
adequate to show us why the appeal should continue, and warned counsel that, in the absence of such
an explanation, the appeal would be dismissed.

 In such a situation, there has ceased to be a controversy, and any decision by this Court would
be an impermissible advisory opinion. Olson v. Comm'n for Lawyer Discipline, 901 S.W.2d 520
(Tex. App.-El Paso 1995, no writ). When a case becomes moot, the only proper judgment is one
dismissing the cause. Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632, 633 (1946).



 We dismiss the appeal.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 28, 2003

Date Decided: March 3, 2003





 



nt-family: 'Times New Roman', serif">______________________________

No. 06-03-00041-CR
______________________________


STEPHEN ANTHONY ROCKINS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29979-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            On October 19, 2002, Stephen Anthony Rockins and his wife, Cynthia, argued in the
bedroom of their apartment. Rockins shoved her into an ironing board, and she retaliated by hitting
him in the head with a can of spray starch. Rockins shoved her again and got her gun from beneath
the bed.


 While he was bent over trying to get the gun, Cynthia jumped on his back. When Rockins
stood up, she came off his back into a standing position. Rockins turned and shot Cynthia five times,
the shots hitting her in the chest, stomach, hand, thigh, and arm. Rockins refused to call for help and
stayed in the apartment for forty minutes, during which time Cynthia says he threatened to beat her
with a crutch if she did not remove her wedding ring from her wounded hand. When he did leave,
he told two women outside to call an ambulance because he had shot his wife. Meanwhile, Cynthia
crawled into the living room and dialed 9-1-1. She spent seven days in the hospital and ultimately
recovered from her wounds. Rockins traveled to Sherman, Texas, where he turned himself in to
authorities. On January 21, 2003, Rockins pled guilty to attempted murder


—from which this appeal
was taken—and unlawful possession of a firearm by a felon


 and pled true to the enhancements. On
February 3, 2003, the trial court sentenced Rockins to life in prison for the offense of attempted
murder with a deadly weapon and to forty years' confinement for the offense of unlawful possession
of a firearm by a felon. The sentences are to run concurrently. 
            Rockins' appellate counsel filed with this Court a brief asserting that no arguable grounds of
error are found in the record of the proceedings below. See Anders v. California, 386 U.S. 738, 744
(1967). In accordance with Anders, counsel informed Rockins of his right to file his own brief. 
Rockins did so and now contends that, with respect to his conviction for attempted murder, he was
denied effective assistance of counsel by trial counsel's failure to object to the absence of the State's
motion to consolidate the offenses. 
Standard of Review and Applicable Law
            We evaluate claims of ineffective assistance of counsel under the standards established in
Strickland v. Washington, 466 U.S. 668, 687 (1984). See Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002). Counsel's assistance will be held ineffective if an appellant shows that (1)
trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable
probability exists that, but for counsel's alleged errors, the result would have been different. 
Strickland, 466 U.S. at 687–88. An appellant bears the burden of proving ineffective assistance of
counsel by a preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App.
1985).
            The State may prosecute a defendant in a single criminal action for all offenses arising out
of the same criminal episode. Tex. Pen. Code Ann. § 3.02(a) (Vernon 2003). If, however, the State
seeks to consolidate offenses charged in two separate charging instruments, it must provide written
notion of its intent to bring such an action not less than thirty days before trial. Tex. Pen. Code
Ann. § 3.02(b) (Vernon 2003). The Texas Penal Code provides:
 (a) When the accused is found guilty of more than one offense arising out of the
same criminal episode prosecuted in a single criminal action, a sentence for each
offense for which he has been found guilty shall be pronounced. Except as provided
by Subsection (b), the sentences shall run concurrently.

Tex. Pen. Code Ann. § 3.03(a) (Vernon 2003). None of the exceptions found in subsection (b) are
applicable to Rockins' case.
            A defendant has the right to a severance of the offenses brought under Section 3.02(b). Tex.
Pen. Code Ann. § 3.04(a) (Vernon 2003). If a defendant exercises this right, however, Section 3.03
will no longer apply, and it lies within the trial court's discretion to order sentences to run either
concurrently or consecutively. Tex. Pen. Code Ann. § 3.04(b) (Vernon 2003).
Application
            Rockins correctly points out that the State was required to provide notice thirty days before
trial of its intent to prosecute the two offenses in a single criminal action because the offenses were
charged under separate charging indictments. See Tex. Pen. Code Ann. § 3.02(b). This notice is
merely a procedural requirement which can be waived if a defendant so chooses either affirmatively
or by inaction. See LaPorte v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). Therefore, when
trial counsel did not object to the State's failure to provide the notice thirty days before trial of its
intent to prosecute the two offenses in one action, Rockins waived the requirement.
            Rockins considers his trial counsel's waiver of the notice requirement as the error that "did
him in." He argues that, had his attorney objected to the State's failure, he could have moved to sever
the offense and would likely have received a lesser sentence. Rockins fails to recognize, though,
that, had counsel insisted on severance of the offenses, he would be subject to "stacked" sentences. 
Trial counsel's acquiescence to the joinder despite the State's failure to provide the proper notice was
not an error that fell below an objective standard of reasonableness. To the contrary, this was likely
a sound trial strategy that could have spared his client a cumulative sentence had the causes been
severed.
Conclusion
            Rockins was not denied effective assistance of counsel. We overrule his sole point of error
and affirm the trial court's judgment.

                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 22, 2003
Date Decided:             December 30, 2003

Do Not Publish