COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-181-CV

 

 

IN THE
GUARDIANSHIP 

OF THE PERSON AND 

ESTATE OF J.P. MANIRE, 

AN
INCAPACITATED PERSON                                                                

 

                                              ------------

 

                 FROM THE
PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In two issues, Appellants Philip Manire, William
M. Hayner, Jr., and Shelly S. Jock (collectively, AMHJ@) assert
that (1) the trial court=s order fails to set forth the
legal or factual basis for the award of sanctions against MHJ, and, therefore,
should not be enforced against them and (2) in the
alternative, if the court based the award of sanctions on sections 9.012,
10.001, and 10.002 of the Texas Civil Practice and Remedies Code, the court=s order
of sanctions does not comply with the statutes and is in error.

II. 
Factual and Procedural Background

J.P. Manire is an incapacitated person.  On January 22, 2007, Philip Manire, J.P.=s son,
filed a Motion for Independent Accounting and Temporary Orders (the AMotion@).  Attached to Philip=s motion
was a copy of a lis pendens filed against the home of his parents, J.P. and
Doris Manire.  Judith Kenney served as
J.P.=s attorney
and guardian ad litem. 








On March 12, 2007,  Kenney filed objections to Philip=s motion
(Athe
Objections@) and a request for attorney=s fees
pursuant to Texas Civil Practice and Remedies Code sections 9.012, 10.001, and
10.002, which relate to the filing of frivolous pleadings and claims.  Tex.
Civ. Prac. & Rem. Code Ann. '' 9.012,
10.001, 10.002 (Vernon 2002).  The prayer
also requests Asuch other and further relief to
which she may be entitled.@  No response was made to the Objections.  On April 11, the trial court held a hearing
on Philip=s Motion and the
Objections.  Neither Philip nor his
counsel attended the hearing after informing Kenny by letter, copied to the
court, that counsel would not be present due to a scheduling problem.  The trial court signed an order sustaining
the Objections and awarded attorney=s fees
of $1500 and $1200 in sanctions against Philip and his counsel, Hayner, and
Jock.  The record does not show that,
following the hearing, MHJ filed a motion to modify judgment, motion for
rehearing, or motion for new trial objecting to the form or content of the
court=s
order.  This appeal by MHJ followed as to
the fees and sanctions only; the portion of the order sustaining the Objections
is not appealed.

III. 
Standing

As an initial matter, J.P. asserts that this
appeal should be dismissed because the trial court did not have subject matter
jurisdiction over the Motion because Philip did not have standing, for various
reasons, to file such a motion. 

In Texas, the standing
doctrine requires that there be (1) Aa real controversy between the parties@ that (2) Awill be actually
determined by the judicial declaration sought.@  Standing focuses on who may bring an action,
and is determined at the time suit is filed in the trial court.  Without standing, a court lacks subject
matter jurisdiction to hear the case.  As
such, it cannot be waived and can be raised the first time on appeal.

 

In re Guardianship of Archer, 203 S.W.3d 16, 23 (Tex. App.CSan
Antonio 2006, pet. denied) (citations omitted). 
We review the entire record to determine whether a real controversy
between the parties was sought to be actually determined by the judicial
declaration.  Nootsie, Ltd. v.
Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996); Tex.
Ass=n of Business v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  If no standing exists, dismissal is
required.  Polk v. Davidson, 196
S.W.2d 632, 633 (Tex. 1946).  








If Philip did not have standing to file the
Motion, and the trial court had no jurisdiction over him due to his lack of
standing, then the trial court could not have issued sanctions due to this lack
of jurisdiction and this court sua sponte should reverse the trial court=s order
granting sanctions, as without jurisdiction. 


The Texas Probate Code defines Ainterested
persons@ or Apersons
interested@ as Aan heir,
devisee, spouse, creditor, or any person having a property right in, or claim
against, the estate being administered or a person interested in the welfare
of an incapacitated person, including a minor.@  Tex.
Prob. Code Ann. ' 601(15) (Vernon Supp. 2007)
(emphasis supplied), which certainly would seem to include a child of J.P., the
ward.  Further, an interested person is
allowed to seek removal of a guardian under certain circumstances, as are
generally alleged here.  Id. '
761(a)(6), (c)(1).  Under these
circumstances, we hold that Philip had standing to prosecute this matter.  Further, as before this court, a controversy
then exists between the parties before us as to whether the trial court
properly granted sanctions against MHJ as requested by J.P.  For these reasons, J.P.=s
assertion of this court=s lack of jurisdiction is
without merit.

 

 








IV.  The
Basis of the Sanction Award

In their first and second issues, MHJ complain
that the award of sanctions against them was legally insupportable if based on
the Objections to the Motion.

In the Objections, J.P. requests Areasonable
attorney=s fees
to be charged to [Philip] pursuant to sections 9.012, 10.001 and 10.002 of the Tex. Civ. Prac. & Rem. Code Ann.,@ and
also requests Asuch other and further relief to
which she may be entitled.@  No request for any other sanction is
contained in the Objections.  The order
awarding sanctions is worded, in part, as follows: AIT IS
FURTHER ORDERED, that PHILIP MANIRE and his attorneys are to pay the sum of
$1200.00 to the court as sanctions and the amount of $1500.00 for necessary and
reasonable attorney=s fees to Judith P. Kenney, the
Successor Guardian Ad Litem within 10 days of the date of this Order.@  

A.  MHJ=s Position








MHJ initially assert that the trial court
committed error by not setting forth in its order awarding sanctions the legal
or factual basis for the ruling. 
Further, MHJ assert error as to each potential statutory basis for the
award contained in the order.  MHJ argue
that the sanction order is unsupportable under Texas Civil Practice and
Remedies Code section 9.012 because section 9.012(c) requires that a hearing be
set ninety days after it is determined that sanctionable conduct has occurred,
at which time an order may be entered regarding the sanction amount and before
which time the offending pleading may be withdrawn.  Tex.
Civ. Prac. & Rem. Code Ann. '
9.012(c).  No such ninety-day hearing occurred.  MHJ likewise assert that under Texas Civil
Practice and Remedies Code section 10.001, no provision is made for the award
of attorney=s fees.  Id. ' 10.001.
 Further, MHJ assert that under Texas
Civil Practice and Remedies Code section 10.002, no motion for sanction
describing the alleged wrongful conduct was filed, no facts were contained in
the record supporting a sanction under this section, and section 10.005
requires that the order imposing a sanction must describe the sanctionable
conduct, which did not occur.  Id.
'' 10.002,
10.005.

Hence, they argue there is no supportable basis
for the order awarding sanctions.

B.  J.P.=s
Position

J.P. argues, in part, that MHJ have waived their
complaints as to purported errors by the trial court.

C. 
Analysis








We agree with J.P.=s
position.  At the hearing on the
Objections, it was demonstrated to the court and is not contested in this
appeal that Philip=s counsel was notified of the
hearing on the Objection.  No motion for
continuance of the hearing on the Objection was filed, nor does the record
reflect an attempt to reschedule, and neither Philip nor anyone on his behalf
appeared at the hearing.  Further, no
motion for rehearing, motion to modify judgment, or motion for new trial was
filed.  According to Rule 33.1(a), 

As a prerequisite to
presenting a complaint for appellate review, the record must show that:

(1) the complaint was
made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds
for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint . . . ;

(B) complied with the
requirements of the Texas Rules of Civil . . . Evidence or the Texas Rules of
Civil or Appellate Procedure; and 

(2) the trial court:

(A) ruled on the request, objection, or motion . . . ; or

(B) refused to rule on the request, objection, or motion.

 

Tex. R. App. P. 33.1(a).  

Further, section 641 of the probate code reads as
follows:

A court may not
invalidate a pleading in a guardianship matter or an order based on the
pleading based on a defect of form or substance in the pleading, unless the
defect has been timely objected to and called to the attention of the court in which
the proceeding was or is pending.

 

Tex. Prob. Code Ann. ' 641
(Vernon 2003).  








By not having complied with the foregoing
requirements regarding affording the trial court an opportunity to consider any
assertions of error on its part, MHJ waived their issues.  

V. 
Conclusion

Having held that MHJ=s issues
are waived, we affirm the judgment of the trial court.

 

 

BOB
MCCOY

JUSTICE

 

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

 

CAYCE, C.J.; and
LIVINGSTON, J. concur without opinion.

 

DELIVERED: February 21,
2008

 











[1]See Tex. R. App. P. 47.4.