COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-181-CV

IN THE GUARDIANSHIP 

OF THE PERSON AND 

ESTATE OF J.P. MANIRE, 

AN INCAPACITATED PERSON 

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In two issues, Appellants Philip Manire, William M. Hayner, Jr., and Shelly S. Jock (collectively, “MHJ”) assert that (1) the trial court’s order fails to set forth the legal or factual basis for the award of sanctions against MHJ, and, therefore, should not be enforced against them and (2) in the alternative, if the court based the award of sanctions on sections 9.012, 10.001, and 10.002 of the Texas Civil Practice and Remedies Code, the court’s order of sanctions does not comply with the statutes and is in error.

II.  Factual and Procedural Background

J.P. Manire is an incapacitated person.  
On January 22, 2007, Philip Manire, J.P.’s son, filed a Motion for Independent Accounting and Temporary Orders (the “Motion”).  Attached to Philip’s motion was a copy of a lis pendens filed against the home of his parents, J.P. and Doris Manire.  Judith Kenney served as J.P.’s attorney and guardian ad litem. 

On March 12, 2007,  Kenney filed objections to Philip’s motion (“the Objections”) and a request for attorney’s fees pursuant to Texas Civil Practice and Remedies Code sections
 9.012, 10.001, and 10.002, which relate to the filing of frivolous pleadings and claims.  
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 9.012, 10.001, 10.002 (Vernon 2002)
.  The prayer also requests “such other and further relief to which she may be entitled.”  No response was made to the Objections.  On April 11, the trial court held a hearing on Philip’s Motion and the Objections.  Ne
ither Philip nor his counsel attended the hearing after informing Kenny by letter, copied to the court, that counsel would not be present due to a scheduling problem.  The trial court signed an order sustaining the Objections and awarded attorney’s fees of $1500 and $1200 in sanctions against Philip and his counsel, Hayner, and Jock.  The record does not show that, following the hearing, MHJ filed a motion to modify judgment, motion for rehearing, or motion for new trial objecting to the form or content of the court’s order.  This appeal by MHJ followed as to the fees and sanctions only; the portion of the order sustaining the Objections is not appealed.

III.  Standing

As an initial matter, J.P. asserts that this appeal should be dismissed because the trial court did not have subject matter jurisdiction over the Motion because Philip did not have standing, for various reasons,
 to file such a motion. 

In Texas, the standing doctrine requires that there be (1) “
a real controversy between the parties”
 that (2) “
will be actually determined by the judicial declaration sought.”
  Standing focuses on who may bring an action, and is determined at the time suit is filed in the trial court.  Without standing, a court lacks subject matter jurisdiction to hear the case.  As such, it cannot be waived and can be raised the first time on appeal.

In re Guardianship of Archer
, 203 S.W.3d 16, 23 (Tex. App.
—
San Antonio 2006, pet. denied) (citations omitted).  
We review the entire record to determine whether a real controversy between the parties was sought to be actually determined by the judicial declaration.  
Nootsie, Ltd. v. Williamson County Appraisal Dist
., 925 S.W.2d 659, 662 (Tex. 1996)
; Tex. Ass’n of Business v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993)
.  If no standing exists, dismissal is required.  
Polk v. Davidson
, 196 S.W.2d 632, 633 (Tex. 1946).  

If Philip did not have standing to file the Motion, and the trial court had no jurisdiction over him due to his lack of standing, then the trial court could not have issued sanctions due to this lack of jurisdiction and this court sua sponte should reverse the trial court’s order granting sanctions, as without jurisdiction.  

The Texas Probate Code defines “
interested persons
”
 or “
persons interested
”
 as “
an heir, devisee, spouse, creditor, or any person having a property right in, or claim against, the estate being administered or 
a person interested in the welfare of an incapacitated person
, including a minor.
”
  
Tex. Prob. Code Ann.
 § 
601(15) (Vernon Supp. 2007) (emphasis supplied), which certainly would seem to include a child of J.P., the ward.  Further, an interested person is allowed to seek removal of a guardian under certain circumstances, as are generally alleged here.  
Id
. 
§
 761(a)(6), (c)(1).  Under these circumstances, we hold that Philip had standing to prosecute this matter.  Further, as before this court, a controversy then exists between the parties before us as to whether the trial court properly granted sanctions against MHJ as requested by J.P.  For these reasons, J.P.’s assertion of this court’s lack of jurisdiction is without merit.

IV.  The Basis of the Sanction Award

In their first and second issues, MHJ complain that the award of sanctions against them was legally insupportable if based on the Objections to the Motion.

In the Objections, J.P. requests “reasonable attorney’s fees to be charged to [Philip] pursuant to sections 9.012, 10.001 and 10.002 of the 
Tex. Civ. Prac. & Rem. Code Ann.
,” and also requests “such other and further relief to which she may be entitled.” 
 No request for any other sanction is contained in the Objections.  The order awarding sanctions is worded, in part, as follows: “IT IS FURTHER ORDERED, that PHILIP MANIRE and his attorneys are to pay the sum of $1200.00 to the court as sanctions and the amount of $1500.00 for necessary and reasonable attorney’s fees to Judith P. Kenney, the Successor Guardian Ad Litem within 10 days of the date of this Order.”  

A.  MHJ’s Position

MHJ initially assert that the trial court committed error by not setting forth in its order awarding sanctions the legal or factual basis for the ruling.  Further, MHJ assert error as to each potential statutory basis for the award contained in the order.  MHJ argue that the sanction order is unsupportable under Texas Civil Practice and Remedies Code section 9.012 because section 9.012(c) requires that a hearing be set ninety days after it is determined that sanctionable conduct has occurred, at which time an order may be entered regarding the sanction amount and before which time the offending pleading may be withdrawn.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 9.012
(c).  No such ninety-day hearing occurred.  MHJ likewise assert that under Texas Civil Practice and Remedies Code 
section 10.001, no provision is made for the award of attorney’s fees.  
Id.
 
§ 10.001. 
 Further, MHJ assert that under Texas Civil Practice and Remedies Code 
section 10.002, no motion for sanction describing the alleged wrongful conduct was filed, no facts were contained in the record supporting a sanction under this section, and section 10.005 requires that the order imposing a sanction must describe the sanctionable conduct, which did not occur.  
Id.
 
§§ 10.002, 10.005.

Hence, they argue there is no supportable basis for the order awarding sanctions.

B.  J.P.’s Position

J.P. argues, in part, that MHJ have waived their complaints as to purported errors by the trial court.

C.  Analysis

We agree with J.P.’s position.  At the hearing on the Objections, it was demonstrated to the court and is not contested in this appeal that Philip’s counsel was notified of the hearing on the Objection.  No motion for continuance of the hearing on the Objection was filed, nor does the record reflect an attempt to reschedule, and neither Philip nor anyone on his behalf appeared at the hearing.  Further, no motion for rehearing, motion to modify judgment, or motion for new trial was filed.  According to Rule 33.1(a), 

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ;

(B) complied with the requirements of the Texas Rules of Civil . . . Evidence or the Texas Rules of Civil or Appellate Procedure; and 

(2) the trial court:

(A) ruled on the request, objection, or motion . . . ; or

(B) refused to rule on the request, objection, or motion.

Tex. R. App. P.
 
33.1(a).  

Further, section 641 of the probate code reads as follows:

A court may not invalidate a pleading in a guardianship matter or an order based on the pleading based on a defect of form or substance in the pleading, unless the defect has been timely objected to and called to the attention of the court in which the proceeding was or is pending.

Tex. Prob. Code Ann.
 § 
641 (Vernon 2003).  

By not having complied with the foregoing requirements regarding affording the trial court an opportunity to consider any assertions of error on its part, MHJ waived their issues.  

V.  Conclusion

Having held that MHJ’s issues are waived, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

CAYCE, C.J.; and LIVINGSTON, J. concur without opinion.

DELIVERED: February 21, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.