NUMBER 13-10-00342-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RUBEN PEÑA, Appellant,


v.



ERNIE HERNANDEZ, Appellee.

 


On appeal from the 444th District Court 

of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion Per Curiam



 This is an appeal from an election contest filed by appellant Ruben Peña against
appellee Ernie Hernandez in connection with the Democratic Party primary run-off election
for Cameron County Commissioner, Precinct 2. By two issues, Peña argues that the trial
court erred by (1) denying him the opportunity to conduct certain discovery, and (2) denying
his request to enforce subpoenas for numerous witnesses who failed to appear at trial. 
However, because we dismiss the appeal as moot, we do not reach its merits.

I. Background

 Having received the most votes out of six candidates for county commissioner in the
March 2, 2010 Cameron County Democratic Party primary, Peña and Hernandez faced
each other in the April 13, 2010 run-off election for the party's nomination. Hernandez won
the run-off election by forty-nine votes, and on April 22, 2010, the Cameron County
Democratic Party executive committee certified Hernandez's nomination.

 Peña filed his original petition contesting the election results on April 30, 2010. He
alleged that illegally solicited mail-in ballots were counted in favor of Hernandez and that
if those illegal votes were subtracted from Hernandez's vote total, Peña would have been
the winner. Peña prayed that the trial court declare him the winner of the run-off, and in
the alternative, if the trial court could not ascertain the true result of the run-off, it should
declare the election void and order a new election. A bench trial was held on June 2, 2010,
and on June 11, 2010, the trial court issued a judgment denying Peña's contest and
declaring Hernandez the Democratic nominee for the county commissioner seat.

 The complete record was filed with this Court on July 7, 2010, and Peña filed his
brief on August 5, 2010. Peña filed a motion to expedite the appeal on August 13, 2010,
which the Court granted. See Tex. R. App. P. 40.1(c). Hernandez then requested an
extension of time for the filing of his brief, which was also granted by the Court, and he
thereafter filed his brief on September 9, 2010. The case was submitted as soon as was
practicable on September 16, 2010, which date was forty-seven days before the general
election.

II. Discussion

 It is well-settled Texas law that, where a contest between candidates for nomination
in a party primary election cannot be tried and a final decree cannot be entered in time for
election officials to comply with the statutory deadlines for preparing for and conducting the
general election, the election contest becomes moot and the issues no longer justiciable. 
Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632, 634 (1946); Taylor v. Nealon, 132 Tex.
60, 120 S.W.2d 586, 588 (1938); Sterling v. Ferguson, 122 Tex. 122, 53 S.W.2d 753, 760
(1932); Salazar v. Gonzalez, 931 S.W.2d 59, 60 (Tex. App.-Corpus Christi 1996, no writ);
Lerma v. Ramon, 760 S.W.2d 727, 730 (Tex. App.-Corpus Christi 1988, no writ); Smith v.
Crawford, 747 S.W.2d 938, 940 (Tex. App.-Dallas 1988, no writ); Moore v. Barr, 718
S.W.2d 925, 926 (Tex. App.-Houston [14th Dist.] 1986, no writ). This is true even when
the contestant may have good cause or grounds for the contest. Smith, 747 S.W.2d at 940
(citing Cummins v. Democratic Executive Comm., 97 S.W.2d 368, 369 (Tex. Civ.
App.-Austin 1936, no writ)). "And when a case becomes moot the only proper judgment
is one dismissing the cause." Polk, 196 S.W.2d at 633. 

 In this case, the application period for voters to request mail-in ballots commenced
on September 3, 2010. See Tex. Sec'y of State, Important 2010 Election Dates,
http://www.sos.state.tx.us/elections/voter/2010dates.shtml (last visited Sept. 16, 2010). 
Under the election code, ballots could be mailed as early as forty-five days before the
election--here, September 18, 2010. (1) See Tex. Elec. Code Ann. § 86.004(a) (Vernon
2010). In short, the start of the general election in Cameron County is imminent. See
Salazar, 931 S.W.2d at 60. Because we conclude that early voting by mail has effectively
begun and such a short period of time remains before the general election, a rendered or
remanded judgment in this cause would rob election officials of sufficient time to comply
with the statutory deadlines for preparing and conducting the general election. See id.; see
also Polk, 196 S.W.2d at 634. Any order entered by this Court at this late time would
interfere with the orderly process of this election. See Smith, 747 S.W.2d at 940. 
Accordingly, we conclude that the appeal is moot. See Polk, 196 S.W.2d at 633. 

III. Conclusion

 Given the circumstances under which this appeal is now before us, we have no
choice but to dismiss it as moot. See id. at 633-34. No motion for rehearing will be
entertained. See Tex. Elec. Code Ann. § 232.014(e) (Vernon 2010).

 

 PER CURIAM


Delivered and filed the 20th

day of September, 2010.

1. The next business day would be Monday, September 20, 2010.