

# NUMBER 13-10-00342-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RUBEN PEÑA,**                                                                        **Appellant,**

**v.**

**ERNIE HERNANDEZ,**                                                            **Appellee.**

---

### On appeal from the 444th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion Per Curiam

This is an appeal from an election contest filed by appellant Ruben Peña against appellee Ernie Hernandez in connection with the Democratic Party primary run-off election for Cameron County Commissioner, Precinct 2. By two issues, Peña argues that the trial court erred by (1) denying him the opportunity to conduct certain discovery, and (2) denying

his request to enforce subpoenas for numerous witnesses who failed to appear at trial. However, because we dismiss the appeal as moot, we do not reach its merits.

## I. BACKGROUND

Having received the most votes out of six candidates for county commissioner in the March 2, 2010 Cameron County Democratic Party primary, Peña and Hernandez faced each other in the April 13, 2010 run-off election for the party's nomination. Hernandez won the run-off election by forty-nine votes, and on April 22, 2010, the Cameron County Democratic Party executive committee certified Hernandez's nomination.

Peña filed his original petition contesting the election results on April 30, 2010. He alleged that illegally solicited mail-in ballots were counted in favor of Hernandez and that if those illegal votes were subtracted from Hernandez's vote total, Peña would have been the winner. Peña prayed that the trial court declare him the winner of the run-off, and in the alternative, if the trial court could not ascertain the true result of the run-off, it should declare the election void and order a new election. A bench trial was held on June 2, 2010, and on June 11, 2010, the trial court issued a judgment denying Peña's contest and declaring Hernandez the Democratic nominee for the county commissioner seat.

The complete record was filed with this Court on July 7, 2010, and Peña filed his brief on August 5, 2010. Peña filed a motion to expedite the appeal on August 13, 2010, which the Court granted. *See* TEX. R. APP. P. 40.1(c). Hernandez then requested an extension of time for the filing of his brief, which was also granted by the Court, and he thereafter filed his brief on September 9, 2010. The case was submitted as soon as was practicable on September 16, 2010, which date was forty-seven days before the general election.

## II. Discussion

It is well-settled Texas law that, where a contest between candidates for nomination in a party primary election cannot be tried and a final decree cannot be entered in time for election officials to comply with the statutory deadlines for preparing for and conducting the general election, the election contest becomes moot and the issues no longer justiciable. *Polk v. Davidson*, 145 Tex. 200, 196 S.W.2d 632, 634 (1946); *Taylor v. Nealon*, 132 Tex. 60, 120 S.W.2d 586, 588 (1938); *Sterling v. Ferguson*, 122 Tex. 122, 53 S.W.2d 753, 760 (1932); *Salazar v. Gonzalez*, 931 S.W.2d 59, 60 (Tex. App.–Corpus Christi 1996, no writ); *Lerma v. Ramon*, 760 S.W.2d 727, 730 (Tex. App.–Corpus Christi 1988, no writ); *Smith v. Crawford*, 747 S.W.2d 938, 940 (Tex. App.–Dallas 1988, no writ); *Moore v. Barr*, 718 S.W.2d 925, 926 (Tex. App.–Houston [14th Dist.] 1986, no writ). This is true even when the contestant may have good cause or grounds for the contest. *Smith*, 747 S.W.2d at 940 (citing *Cummins v. Democratic Executive Comm.*, 97 S.W.2d 368, 369 (Tex. Civ. App.–Austin 1936, no writ)). "And when a case becomes moot the only proper judgment is one dismissing the cause." *Polk*, 196 S.W.2d at 633.

In this case, the application period for voters to request mail-in ballots commenced on September 3, 2010. *See* Tex. Sec'y of State, Important 2010 Election Dates, http://www.sos.state.tx.us/elections/voter/2010dates.shtml (last visited Sept. 16, 2010). Under the election code, ballots could be mailed as early as forty-five days before the election—here, September 18, 2010.[1] *See* TEX. ELEC. CODE ANN. § 86.004(a) (Vernon 2010). In short, the start of the general election in Cameron County is imminent. *See*

---

[1]The next business day would be Monday, September 20, 2010.

3

*Salazar*, 931 S.W.2d at 60. Because we conclude that early voting by mail has effectively begun and such a short period of time remains before the general election, a rendered or remanded judgment in this cause would rob election officials of sufficient time to comply with the statutory deadlines for preparing and conducting the general election. *See id.*; *see also Polk*, 196 S.W.2d at 634. Any order entered by this Court at this late time would interfere with the orderly process of this election. *See Smith*, 747 S.W.2d at 940. Accordingly, we conclude that the appeal is moot. *See Polk*, 196 S.W.2d at 633.

### III. Conclusion

Given the circumstances under which this appeal is now before us, we have no choice but to dismiss it as moot. *See id.* at 633-34. No motion for rehearing will be entertained. *See* Tex. Elec. Code Ann. § 232.014(e) (Vernon 2010).

PER CURIAM

Delivered and filed the 20th
day of September, 2010.

4