No. 15-25-00005-CV

ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/29/2025 2:18 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/29/2025 2:18:00 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## Appellant's Emergency Motion To Dismiss The District Court Case For Mootness

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

# In The
# Fifteenth Court Of Appeals

— ♦ —

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

— ♦ —

## Appellant's Emergency Motion To Dismiss The District Court Case For Mootness

— ♦ —

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his *Appellant's Emergency Motion To Dismiss The District Court Case For Mootness,* and respectfully shows unto the Court the following.

1. Currently, this Appeals Court is reviewing Travis County District case no. D-1-GN-24-00256 (Travis case) regarding whether Partain had an interest in the state's asset for the compensation he received pursuant to a debt owed to him by the State of Texas. For nearly 10 months the State of Texas through Attorney General Kenneth Paxton and Land

Commissioner Dawn Buckingham, illegally used the judiciary through the Travis case to control Partain's property, to uncompensate Partain and dissipate tens of millions of dollars of his property (so far), and to violate his civil liberties through a fraudulent permanent injunction and through a criminal contempt complaint that alleges to adjudicate Partain's property titles, on the premise that Partain was owed no debt and was not entitled to the compensation he secured from the State of Texas. The Travis case is parallel litigation and is subordinate to Hidalgo County District case no. C-0929-12-F, filed on April 5, 2012, wherefrom circumstances have changed.

2.      Circumstances recently consolidated favoring Partain through a final court order in Johnny Partain v. State of Texas, Hidalgo County District case no. C-0929-12-F, which directly contradict the State of Texas in the parallel Travis case. The final order officially destroys the state's standing to complain about Partain collecting compensation from the state, making litigation in the Travis case MOOT.

3.      On July 29, 2025, the 332nd District Court of Hidalgo County vindicated Johnny Partain by entering its final judgment in Johnny Partain v. State of Texas, case no. C-0929-12-F, et al. (Hidalgo Court) finding that "<u>Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims in the above styled and number cause, making this case MOOT.</u>" The case was an inverse condemnation case complaining of constitutional violations and of Partain's property being taken, used, and destroyed, by the state, its political subdivisions, and public officials without compensating Partain. Hidalgo Court established through its final order that Partain was owed a debt and that he was compensated for that debt as per US and Texas constitutional requirements for

just and adequate compensation (Partain's inverse condemnation petition in case no. C-0929-12-F was designed as "sum certain"). The Court also ordered "<u>that any orders or judgments previously issued in this case are vacated</u>." The Court ordered "<u>that this case is DISMISSED with prejudice</u>," affirming and retiring the issues therein with res judicata - that the State of Texas owed a debt to Partain and the State of Texas compensated Partain in all his claims. See the attached final Order.

The Travis case is based on the exact same issues as that of the Hidalgo case: Did the State of Texas owe Johnny Partain a compensable debt? The final answer is YES, and the State of Texas compensated Partain for the debt mostly through execution on Partain's UCC lien - since the state has no other official process to compensate citizens when it fails to pay for property it takes, uses, or destroys - and then claims immunity to suit. The Hidalgo case vindicated Partain that he did indeed achieve compensation from the State of Texas. It is Kenneth Paxton and Dawn Buckingham that use the State of Texas through the Travis case to uncompensate Partain. They violate the US and Texas constitutions, forcing the State of Texas through its judiciary into an illegal position against Partain.

Furthermore, the Hidalgo case had dominant jurisdiction over the Travis case since it was the first court to exercise jurisdiction over the issues between Johnny Partain and the State of Texas. The Travis County case should have been abated, and needs to be abated, since it now moot. Texas should have brought its arguments to the Hidalgo case to enforce its orders if it really thought it had enforceable orders upon which it could rely in the Travis case. *In re J.B. Hunt Transport, Inc., 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding); Gonzalez v. Reliant Energy, Inc., 159 S.W.3d 615, 622 (Tex. 2005); Wyatt v. Shaw Plumbing Co., 760*

S.W.2d 245, 248 (Tex. 1988). Kenneth Paxton and Dawn Buckingham chose their venue poorly.

The Hidalgo case's final order contradicts the State of Texas' entire position in the Travis case that there was no debt owed to Partain and that he couldn't collect it. The Hidalgo case's final order also makes all the issues in the Travis case MOOT because there is no relief the courts can offer to avoid the collection of the state's debt pursuant to the constitution[s] since it has already occurred and because it has been recognized as being just and adequate compensation in the Hidalgo case. A case is moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642 (Tex. 2005).* A controversy must exist between the parties at every stage of the legal proceeding, including the appeal. *Bd. Of Adjustment of City of San Antonio v. Wende, 92 S. W.3d 424, 427 (Tex. 2002). "[W]hen a case becomes moot the only proper judgment is one dismissing the cause." Polk v. Davidson, 196 S.W.2d 632, 633 (Tex. 1946); see also Woodfield, 305 S.W.3d at 416 ("If a case is moot, the appellate court is required to vacate any judgment or order in the trial court and dismiss the case.").* The court must vacate any orders or judgments previously issued in the district case and dismiss the district case for want of jurisdiction. *Heckman v. Williamson Cnty., 369 S.W.3d 137, 162 (Tex. 2012).*

In review, the State Of Texas, Appellee herein, filed its *Plaintiff's First Amended Petition And Request For Temporary Restraining Order, Temporary Injunction, And Permanent Injunction* (C.R. at 8-20) in the Travis case on November 4, 2024, claiming that "upon information and belief, the State does not owe Partain any legal debt" (Id. ¶ 11). Texas claimed that "false claim of a security interest in state property interferes with the State's vested property

rights" (Id. ¶ 13). Texas then asserted that "[S]pecifically, Partain knew or should have known that he does not have a security interest in any of the State's property when he filed or caused to be filed the Financing Statement because Partain's claims of an unlawful taking against him by the State have been adjudicated and denied." (Id. ¶ 13). Texas relied upon its misunderstandings, or its misrepresentations, to the Travis County District Court and disingeneously cited that a Hidalgo County District Court had already filed a final judgment in cause no. C-0929-12-F against Partain finding that Texas owed no debt. (Id. ¶ 15). Texas prayed that the Court would permanently enjoin Partain [sic] "from attempting to collect the alleged security interest (the debt) described in the Financing Statement."(Id. ¶ 36, 37).

Partain responded in his *Defendant's Quick Response to Plaintiff's Brief Regarding it's Application for Temporary Injunction (C.R. at 81-120)* that he had "already been adequately compensated which is why the Plaintiff (Texas) is complaining." Partain pointed out that "The Plaintiff petitions and motions this court to uncompensate the Defendant and to interfere with his (Partain's) vested property rights. Partain argued that "[T]here is no legal authority that allows the court to do that (to uncompensate), and in fact the Tx. Const. Art. 1 Sec. 29 voids any acts of the State to do so." Id. ¶ 6. In fact, Partain had previously filed in his *Plea To The Jurisdiction* (Appellant's Brief Appendix, Rec. 1) that the state "lacks standing to complain" because the State of Texas "cannot be injured by having its debt collected." (Id. ¶ 10). Partain explained in paragraph 7 that he "collected his adequate compensation through different methods within the restraints of US Constitution and Texas Constitution, as he cautioned the Governor and Attorney General that he would. The debt has been mostly collected, and should be completely collected within September of

2024." Partain pointed out in paragraph 8 that "there are no statutory remedies or pleas in equity available for judicial discretion to overturn a constitutional mandate or to unpay the compensation required by the US Constitution and Texas Constitution." Partain has been vindicated through the parallel Hidalgo case and now the issues are moot.

Wherefore premises considered, Partain moves the Court to order the State of Texas to return Partain's property that it took pursuant to Travis County District Court case no. D-1-GN-24-002560. Partain moves the Court to dismiss the underlying Travis County case since the issues are Moot. Partain prays for all other relief he may be entitled under equity and law.

Respectfully Submitted,

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## CERTIFICATE OF CONFERENCE

As required by TRAP 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties through Ms. Ali Thorburn, Assistant Attorney General Litigation Division, Ali.Thorburn@oag.texas.gov, about the merits of this motion. Ms. Thorburn did not respond.

Date: August 29, 2025

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Ms. Ali Thorburn, Assistant Attorney General General Litigation Division, Ali.Thorburn@oag.texas.gov on this August 29, 2025.

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105032372
Filing Code Description: Motion for Emergency Relief
Filing Description: Appellant???s Emergency Motion To Dismiss The District Court Case For Mootness with Final Judgment
Status as of 8/29/2025 2:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | Ali.Thorburn@oag.texas.gov | 8/29/2025 2:18:00 PM | SENT |
| Johnny Partain | | partain@atlastechnologies.biz | 8/29/2025 2:18:00 PM | SENT |